JOURNAL ENTRY AND OPINION
{¶ 1} Master Builders, Inc., Degussa Construction Chemicals Operations, Inc. and Degussa Corporation ("appellees") initiated this lawsuit on October 21, 2003 against appellant Zoltek Companies, Inc. ("Zoltek") and Hardcore Composites Operations LLC ("Hardcore"). Appellees' claims arose from Zoltek's and Hardcore's breach of their obligations under a Lease/Purchase Guaranty and of their continuing obligations under a prior settlement agreement that terminated a previous lawsuit between the parties.
 {¶ 2} On February 25, 2004, Zoltek answered appellees' complaint and asserted cross-claims for contribution and/or indemnification from Hardcore. Hardcore failed to answer appellees' complaint or Zoltek's cross-claims and on May 3, 2004, the trial court granted appellees' motion for default judgment against Hardcore. On June 30, 2004, Hardcore filed a notice advising that on June 25, 2004, it had filed a petition in bankruptcy in Delaware.
 {¶ 3} The trial court subsequently granted summary judgment to appellees regarding their claims against Zoltek, finding Zoltek liable under both the Guaranty and the prior settlement agreement. The trial court left the issue of damages to be decided at trial. On September 20, 2004 (the last of three occasions the case was set for trial), the trial court facilitated settlement discussions between appellees and Zoltek. These discussions resulted in a written settlement agreement executed in court by representatives of appellees and Zoltek.
 {¶ 4} Among other things, the settlement agreement provided that Zoltek would pay appellees $600,000 on or before September 30, 2004, at which time appellees would dismiss the case. Zoltek would then pay $85,000 on February 15, 2005, to satisfy Zoltek's obligations under the Guaranty due through September 2004. The settlement agreement further provided that the Guaranty and prior settlement agreement between the parties remained in full force and effect and the parties "reaffirm[ed] their obligations thereunder."
 {¶ 5} On September 30, 2004, only ten days after executing the settlement agreement, Zoltek again breached its obligations, failing to pay appellees $600,000, as required. On October 5, 2004, appellees filed a motion to enforce the settlement agreement, asking the trial court to enforce the express terms of the written settlement agreement. Zoltek filed a motion seeking an extension of time to respond, citing the "press of business as counsel." On October 22, 2004, the trial court denied Zoltek's motion for an extension and issued judgment in appellees' favor enforcing the settlement agreement.
 {¶ 6} In its journal entry, the trial court found that "the parties settled the dispute and memorialized their settlement in an agreement signed by all parties." The trial court also expressly found that there were "no questions of fact concerning the creation or terms of the settlement agreement." The trial court entered judgment in favor of appellees for the $600,000 due under the settlement agreement, $35,187.15 due under the Guaranty that Zoltek had reaffirmed in the settlement agreement, and $450,000 for the continuing obligations found in the prior settlement agreement, as reaffirmed and acknowledged by Zoltek in the settlement agreement.
 {¶ 7} On October 27, 2004, appellees filed a motion for clarification of judgment and judgment entry nunc pro tunc, asking the trial court to correct a small typographical error in its journal entry of October 22, 2004. On November 8, 2004, the trial court granted appellees' motion and entered judgment nunc pro tunc enforcing the settlement agreement.
 {¶ 8} Zoltek now appeals. We dismiss, however, for lack of a final appealable order.
 {¶ 9} It is well established that federal bankruptcy law provides an automatic stay of judicial proceedings against a debtor upon the filing of a bankruptcy petition.11 U.S.C. § 362(a)(1) establishes this mandatory automatic stay and provides in pertinent part:
 {¶ 10} "(a) * * * [A] petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of —
 {¶ 11} "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."
 {¶ 12} The record demonstrates that Zoltek's cross-claims against Hardcore for contribution and/or indemnification were pending as of the June 25, 2004 filing of Hardcore's bankruptcy petition. Therefore, the claims were stayed pursuant to Hardcore's bankruptcy petition.
 {¶ 13} An automatic bankruptcy stay, however, does not preclude the continuation of the proceedings against non-bankrupt parties. Kingsmen Enterprises v. Kasunic (Feb. 17, 1994), Cuyahoga App. No. 64720, citing Austin v. Unarco Indus., Inc.
(C.A.1 1983), 705 F.2d 1, cert. dism. (1983), 463 U.S. 1247,104 S.Ct. 34. Accordingly, the trial court was not precluded by Hardcore's bankruptcy petition from addressing and settling appellees' claims against Zoltek.
 {¶ 14} Nevertheless, the trial court's judgment in cases involving both bankrupt and non-bankrupt parties must satisfy the requirements of Civ.R. 54(B) to be immediately appealable.Kingsmen, supra; see, also, Sowell v. United Cos. LendingCorp. (July 27, 2000), Cuyahoga App. No. 76378; Coyne v.Aussem (Dec. 17, 1992) Cuyahoga App. No. 61468.
 {¶ 15} Civ.R. 54(B) provides, in pertinent part:
 {¶ 16} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
 {¶ 17} The trial court's judgment entry of October 22, 2004 did not dispose of Zoltek's cross-claims against Hardcore nor did it contain the "no just reason for delay" language of Civ.R. 54(B). Accordingly, the entry is not a final appealable order and, therefore, we lack jurisdiction to consider Zoltek's appeal. Dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., Concur.