[Cite as *Wishnosky v. Harbour Light 1 Condominium Assn., Inc.*, 2025-Ohio-2453.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DAVID WISHNOSKY,  :

    Plaintiff-Appellee,  :

    v.  :

No. 114408

HARBOUR LIGHT 1  :
CONDOMINIUM ASSOCIATION,
INC.,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 10, 2025

---

Civil Appeal from the Parma Municipal Court
Case No. 24CVI02476

---

### *Appearances:*

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan, *for appellee.*

Ott & Associates Co., LPA, Steven M. Ott and Hilary A. Hall, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} Harbour Light 1 Condominium Association, Inc. ("the Association") appeals the trial court's judgment overruling the Association's objections and adopting the magistrate's decision in favor of David Wishnosky ("Wishnosky") in

the amount of $3,739.20, plus 8 percent interest from July 15, 2024. For the following reasons, we affirm the court's judgment.

## I.    Facts and Procedural History

{¶ 2}    This case concerns the Association's attempt to assess Wishnosky for legal fees that the Association incurred while seeking to enforce a condominium leasing restriction against him.

{¶ 3}    In 1990, the Association amended its governing documents to prohibit new owners from leasing their units ("no-leasing amendment" or "amendment"). The no-leasing amendment also provided, "This restriction on leasing shall apply only to new Owners who purchase their units after the recording of this Amendment."

{¶ 4}    Wishnosky purchased a unit in the Association's subdivision in 1979 ("the Unit"). In subsequent decades, the Unit was transferred multiple times between Wishnosky, his wife, and several partnerships, each of which Wishnosky and his wife owned and operated. During this time, the Unit was consistently rented to non-owners. In 2023, the Unit was transferred back to Wishnosky.

{¶ 5}    On June 10, 2024, the Association sent Wishnosky notice that it intended to evict him for renting the Unit, violating the no-leasing amendment. The Association also assessed $3,739.20 against Wishnosky for legal fees that the Association incurred in enforcing the amendment.

{¶ 6}    On June 13, 2024, Wishnosky sued the Association in the small-claims division of the Parma Municipal Court. Wishnosky sought to recover from

the Association $3,739.20 for the legal fees the Association assessed against him. Wishnosky argued that the no-leasing amendment did not apply to him.

{¶ 7} The court held a hearing on July 15, 2024, at which Wishnosky was the only witness. During the hearing, Wishnosky testified about the ownership of the Unit since the no-leasing amendment was adopted. Wishnosky purchased the Unit in 1979, for $49,000. He stated that he transferred the Unit to his wife, who, in 1993, transferred it to "Western Reserve Partners, a company we jointly own." In 1995, Western Reserve Partners transferred the Unit back to Wishnosky's wife. In 2009, Wishnosky's wife transferred the Unit to "Western Reserve Ventures," a limited partnership that Wishnosky and his wife share. In 2023, Wishnosky "transferred [the Unit] back to myself," from Western Reserve Ventures.

{¶ 8} Per Wishnosky, the "sales amount" and "conveyance fee" associated with all transfers that happened after 1979 was "zero." Wishnosky stated, "[T]here was no purchase other than that original purchase in the last 45 years. [The Unit] stayed in the family."

{¶ 9} Wishnosky introduced documents he obtained from the Cuyahoga County Recorder that showed the Unit's "Transfer History." Per these documents, the original transfer that Wishnosky identified between him and his wife occurred in 1991. These documents also stated that the "Sales Amt" and "Convey Fee" for the 1991, 1993, 1995, 2009, and 2023 transfers was "$.00." Wishnosky also provided deeds for the Unit from 1993, 1995, and 2009, which indicated transfers occurred "for the consideration of" "$10.00."

{¶ 10} On cross-examination, Wishnosky clarified that Western Reserve Partners and Western Reserve Ventures are separate entities. Wishnosky stated that he and his wife "were the common denominator in all of the transfers of the unit," which they did not keep in their own names, at points, for reasons related to "financial planning."

{¶ 11} On July 19, 2024, the court issued a magistrate's decision finding Wishnosky did not violate the no-leasing amendment and awarding Wishnosky $3,739.20, plus 8 percent interest calculated from July 15, 2024. The Association filed objections to the magistrate's decision on August 2, 2024. On August 23, 2024, the court issued a judgment entry overruling the Association's objections and adopting the magistrate's decision.

{¶ 12} The Association appealed, raising the following assignment of error:

> I. The trial court erred by adopting the small claim's magistrate's determination that the numerous transfers appellee made between several corporations he owned were "transfers" and not "purchases," thus allowing the appellee to continue leasing his unit.

## II. Law and Analysis

{¶ 13} Whether Wishnosky violated the no-leasing amendment turns on the meaning of the word "purchase." "'Condominium declarations and bylaws are contracts between the association and the purchaser and are subject to the traditional rules of contract interpretation.'" *Wood v. Cashelmara Condominium Unit Owners Assn.*, 2022-Ohio-1496, ¶ 31 (8th Dist.), quoting *Heba El Attar v. Marine Towers E. Condominium Owners' Assn.*, 2018-Ohio-3274, ¶ 9 (8th Dist.). "The construction of a written contract is a matter of law that is reviewed de novo."

*Rockside-77 Properties, L.L.C. v. Partners Fin. Group, L.L.C.*, 2018-Ohio-4112, ¶ 14 (8th Dist.). "In a de novo review, we afford no deference to the trial court's decision and independently review the record to determine whether the trial court's judgment is appropriate." *Choice Hotels Internatl., Inc. v. C&O Developers, L.L.C.*, 2022-Ohio-3234, ¶ 20 (8th Dist.).

{¶ 14} "A court's primary goal in contract cases is to give effect to the intent of the parties." *Master Builders, Inc. v. Hardcore Composites Operations, LLC*, 2006-Ohio-3729, ¶ 13 (8th Dist.), citing *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). "'Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement.'" *Rockside-77* at ¶ 14, quoting *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638 (1992). "When the contract contains clear and unambiguous terms, a court may determine the parties' rights and obligations from the contract's plain language." *Estate of Millstein*, 2021-Ohio-4610, ¶ 51 (8th Dist.), citing *Aultman* at 53. "Common words that appear in a contract will be given their ordinary meaning unless the remainder of the contract clearly shows that the parties intended another meaning." *Id.*, citing *Cincinnati Ins. Co. v. Anders*, 2003-Ohio-3048, ¶ 34.

{¶ 15} This court has noted that the ordinary meaning of "purchase" suggests an exchange of valuable consideration, which may take the form of monetary payment. "[*Black's Law Dictionary*] defines 'purchase,' in relevant part, as: '[t]ransmission of property from one person to another by voluntary act and agreement, founded on a valuable consideration. To own by paying or by promising

to pay an agreed price which is enforceable at law.'" *Nee v. State Industries*, 2013-Ohio-4794, ¶ 33 (8th Dist.), quoting *Black's Law Dictionary* (6th Ed. 1990). Nothing in the amendment indicates the Association or its owners intended another meaning.

{¶ 16} Therefore, to apply the ordinary meaning of purchase, we must determine whether the Unit was transferred in exchange for valuable consideration. In so doing, "[w]e review [the] trial court's action with respect to [the] magistrate's decision for an abuse of discretion." *Kmet v. Kmet*, 2019-Ohio-2443, ¶ 11 (8th Dist.). An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Abdullah v. Johnson*, 2021-Ohio-3304, ¶ 35. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *W.A.F.P., Inc. v. Sky Fuel Inc.*, 2024-Ohio-3297, ¶ 13 (8th Dist.), quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} The trial court did not abuse its discretion in finding that the transfers of the Unit were not "purchases" under the no-leasing amendment. The record includes evidence that the transfers did not involve an exchange of valuable consideration, monetary or otherwise. Wishnosky testified that, after he acquired the Unit in exchange for $49,000 in 1979, all subsequent transfers had a "sales amount" and "conveyance fee" of zero. Wishnosky stated, "[T]here was no purchase other than that original purchase in the last 45 years."

{¶ 18} This testimony is corroborated by the Cuyahoga County Recorder "Transfer History" documents for the Unit. These documents provide a "$.00" figure under the "Sales Amt" and "Convey Fee" columns for the 1991, 1993, 1995, 2009, and 2023 transfers.

{¶ 19} The deeds that Wishnosky introduced state that the 1993, 1995, and 2009 transfers occurred "for the consideration of" "$10.00." However, "[t]he recital in the deed of the consideration paid is not conclusive." *Conklin v. Hancock*, 67 Ohio St. 455 (1903), paragraph two of the syllabus; *see also McGovern Builders, Inc. v. Davis*, 12 Ohio App.3d 153, 155 (2d Dist. 1983). "[P]arol evidence has long been admissible to show the true consideration on a deed." *Wood v. Morrish*, 1997 Ohio App. LEXIS 4557, *13 (8th Dist. Oct. 9, 1997), citing *Conklin* at paragraph two of the syllabus. The transfer history for the Unit and Wishnosky's testimony contradict the deed's recital of consideration, indicating that no consideration was exchanged for the transfers that happened after 1979. These transfers were, therefore, not purchases, applying the ordinary meaning of the word.

{¶ 20} Consequently, the court did not abuse its discretion in overruling the Association's objections and adopting the magistrate's decision that Wishnosky did not violate the no-leasing amendment. The court also did not abuse its discretion in ordering the Association to pay Wishnosky the legal fees, plus interest, that the Association assessed him in attempting to enforce the amendment.

{¶ 21} Accordingly, the Association's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR