McGovern Builders, Inc., Appellant, *v.* Davis et al., Appellees.

(No. 82 CA 63—Decided
October 19, 1983.)

Mr. J. Andrew Fulker, for appellant.
Mr. Ronald C. Logan, for appellees.

WEBER, J. McGovern Builders, Inc., plaintiff-appellant, filed suit claiming that Richard S. Davis et al., defendants-appellees, owed plaintiff $4,325 upon a written contract for the purchase and sale of real estate. The case was tried to the court. At the close of plaintiff's case-in-chief the court directed a verdict in favor of the defendants.

On June 26, 1975 and on June 27, 1975, the defendants and plaintiff signed a purchase and sale agreement for a certain piece of real estate located in Tipp City, Ohio, for the price of $39,185. The purchase price was itemized on plaintiff's Exhibit "B" as follows:

| | |
|---|---|
| "Basic house | $37,900.00 |
| "Heat pump | 1,200.00 |
| "Extra insulation | 85.00 |
| "Purchase Price | $39,185.00" |

A mortgage of $31,300 was applied to that price:

| | |
|---|---|
| " | $39,185.00 |
| "– | 31,300.00 |
| " | $ 7,885.00" |

Various payments and credits were applied to the balance due of $7,885:

| | | |
|---|---|---|
| " | $ | 7,885.00 |
| "Cash payment | – | 585.00 |
| "Cash payment | – | 900.00 |
| "Flat discount | – | 1,100.00 |
| "Carpet credit | – | 450.00 |
| "Heat pump discount | – | 200.00 |
| "Tipp City discount | – | 500.00 |
| " | $ | 4,150.00" |

Plaintiff testified that the sum of $4,150 was due under the real estate sales contract before additional changes were made, and that $4,150 remains due and unpaid.

The additional changes were made as follows per Exhibit B:

| | | |
|---|---|---|
| " | $ | 4,150.00 |
| "Celotex Board | + | 250.00 |
| "Bow window | + | 250.00 |
| " | $ | 4,650.00" |

An additional credit was given for other floor and wall work defendants were to have done themselves:

| | | |
|---|---|---|
| " | $ | 4,650.00 |
| "– | | 315.00 |
| " | $ | 4,335.00" |

A promissory note was prepared in the incorrect amount of $4,235 to be executed and delivered to plaintiff by defendants at the closing on November 17, 1975. Defendants noticed this $100 error and called plaintiff's attention to it, thinking that plaintiff would want to prepare a new note for the correct amount, $4,335. The plaintiff and defendants, in post-closing discussions, agreed to get together to sign a corrected note, but that event never came about.

Plaintiff testified that no part of the $4,335 due pursuant to the real estate sales contract and the written and oral modifications had been paid.

The closing of the contract occurred on November 17, 1975, at which a deed was executed and delivered to the defendants by the plaintiff pursuant to the real estate contract. Plaintiff's only witness at trial was not present at the closing. Both parties represented by signing a closing statement that the down payment had been fully paid. Had this representation not been made, the closing would not have occurred. The deed or its terms are not disclosed in the record.

Appellant advances one assignment of error:

"The trial court erred to the prejudice of plaintiff-appellant in directing a verdict for defendants-appellees at the close of plaintiff's case-in-chief; more specifically, the trial court erred in holding that a real estate vendee's obligation to pay for the real estate arising from a written real estate sales contract 'merged' into the deed and bars an action to recover any part of the purchase price."

In *Conklin* v. *Hancock* (1903), 67 Ohio St. 455, the Supreme Court held in the second and third paragraphs of the syllabus as follows:

"2. The recital in the deed of the consideration paid is not conclusive. The deed is *prima facie* evidence of the consideration, and, although the actual consideration, if valuable, may be different in kind or amount from that recited in the deed or although the deed recites no consideration at all, it may be shown by evidence dehors the deed.

"3. A written agreement between the vendor and vendee for the sale, purchase and conveyance of land is not executed by, and merged in the deed, as to the stipulations of the vendee therein concerning the consideration to be paid for the property; and such written agreement is competent evidence to show the actual consideration. *Brumbaugh* v. *Chapman,* 45 Ohio St., 368, distinguished."

Considering these rules, the court in *Berry* v. *Cleveland Trust Co.* (1935), 53 Ohio App. 425, 431 [7 O.O. 278], was able to state:

"It is definitely settled in Ohio that a written agreement between the grantor and the grantee for the conveyance of real estate is not executed by and merged in the deed as to the stipulations to be performed by the grantee; that, while the agreement to convey is performed by the execution and delivery of the deed conveying whatever was, by the terms of the contract, to be conveyed, it does not execute any of the stipulations of the grantee as to the consideration to be paid for the property; and that the agreement as to matters other than mere conveyance is not thus performed or satisfied. The deed is to be considered as a part of the transaction, in connection with, and not to the exclusion of, the contract between them; that is, both the deed and the contract are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract."

We further note that an acknowledgement in a deed of the payment of the consideration is not essential to the conveyance. It is immaterial, so far as the deed itself is concerned, whether the price of the land was paid or not; the admission of its payment in the deed is generally merely formal. Its omission is not conclusive proof that no consideration passed and, on the other hand, as between the parties, the recital of payment in a deed is open to explanation and contradiction in an action to recover the consideration money, by parol proof showing that in fact no payment or only partial payment had been made. See 35 Ohio Jurisprudence 3d (1982) Deeds, Section 51.

The court in *Mayer* v. *Sumergrade* (1960), 111 Ohio App. 237, 240-241 [14 O.O.2d 180], stated:

" 'A very general exception to the foregoing rule [general rule as to merger of contract in deed] relates to collateral stipulations incorporated in the contract but not in the deed. In this regard it is to be observed that a contract for a deed antedates the execution of the deed, and may, and often does, contain many provisions which the execution of the deed neither adds to nor takes away from. A deed is a mere transfer of the title, a delivery so to speak of the subject matter of the contract. It is the act of but one of the parties, made pursuant to a previous contract either in parol or in writing. It is not to be supposed that the whole contract between the parties is incorporated in the deed made by the grantor in pursuance of, or as the consummation of, a contract for the sale of land. There are

many things pertaining to the contract which it is manifest are never inserted in a deed.' (Emphasis ours.)

"In *Reid* v. *Sycks,* 27 Ohio St., 285, the Supreme Court stated the following, at page 290:

" 'The obligation to pay the purchase money was not merged by the deed, which was only in performance on the vendor's part. This deed is to be considered part of the transaction, in connection with, and not to the exclusion of, the title bond.

" 'Both papers are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract. An executory agreement for the sale of lands is not satisfied and performed when the deed is made. The covenant to convey is performed by the conveyance; but covenants relating to other things than a mere conveyance are not thus performed or satisfied.' "

We conclude that it was error to hold that a real estate vendee's obligation to pay for the real estate arising from a written real estate sales contract "merged" into the deed and bars an action to recover any part of the purchase price by the vendor.

The assignment of error is sustained.

It is further advanced by appellees for the first time that the claim of appellant is barred by the Statute of Frauds.

The Statute of Frauds is an affirmative defense. Civ. R. 8(C). This defense was not raised by motion or answer. This defense was not argued or presented to the trial court. Failure to raise an argument in the trial court generally will be considered a waiver of such matter for purposes of appeal. *Brown* v. *Dollison* (July 22, 1982), Montgomery App. No. 7679, unreported.

We, therefore, reverse the judgment of the trial court and remand this matter to that court for a new trial upon the issues presented in the complaint of plaintiff and answer of defendants, and further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

KERNS, J., concurs.

WILSON, J., not participating.