## Knox v. Smith
## Case No. C-880758
## Hamilton County, (1st)
## Decided January 10, 1990

[Cite as 1 AOA 30]

[redacted]

*James A. Matre, Esq., One Crowne Point, 190, Cincinnati, Ohio 45241, for Plaintiffs-Appellees,*

*William D. Bell, Sr., Esq., Suite 604, 830 Main Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the assignments of error, the briefs and arguments of counsel.

The defendant-appellant, Calvin Smith, appeals from the trial court's order entering judgment in favor of the plaintiffs- appellants, Peter and Darla Knox, in the amount of $4,800. For the reasons which follow, we affirm the decision of the trial court.

The defendant owned property adjoining the plaintiffs' residence and noticed during an inspection of his premises that two trees on the plaintiffs' property were dead. The defendant sought and received permission from the plaintiffs to remove the two trees from the property. The defendant subsequently hired a contractor, Bradberry & Son, to perform the required work.

It is undisputed that the contractor removed at least fourteen trees (including twelve trees that were still alive) from the plaintiffs' property. The plaintiffs thereafter filed a complaint against the defendant seeking compensation for the lost trees in the amount of $3,033.

The defendant filed an answer, a counterclaim and a third-party complaint against the contractor. After a trial was held on the matter, the trial court entered judgment in favor of the plaintiffs and against the defendant in the amount of $4,200. As to the defendant's third-party complaint, the trial court found that the contractor did not perform the job in a workmanlike manner, and thus was liable to the defendant in the amount of $1,000.

Upon appeal by the defendant (the contractor did not file an appeal), this court reversed the judgment of the trial court as it pertained to the issue of the plaintiffs' damages and remanded the cause for further proceedings to determine the value of the lost trees.

Upon remand, the plaintiffs put on evidence demonstrating the cost of restoring their property to its preexisting condition. Based on this evidence, the trial court ordered the defendant to pay the plaintiffs $4,800 for the restoration cost of the property. The defendant now appeals.

In his first assignment of error, the defendant alleges the trial court erred in relying upon the expert testimony of Paul Barron as the basis for assessing the replacement cost for the lost trees. The defendant argues that the testimony of Mr. Barron was based upon the same information (data compiled by another expert) that had been held improper as a basis for establishing the value of the trees in the first appeal. We disagree.

In *Denoyer v. Lamb* (1984), 22 Ohio App. 3d 136, 490 N.E.2d 615, this court addressed a similar issue and stated:

> In an action for compensatory damages for cutting, destroying and damaging trees and other growth, and for related damage to the land, when the owner intends to use the property for a residence or for recreation or for both, according to his personal tastes and wishes, the owner is not limited to the diminution in value (difference in value of the whole property before and after the damage) or to the stumpage or other commercial value of the timber. He may recover as damages the costs of reasonable restoration of his property to its preexisting condition or to a condition as close as reasonably feasible without requiring grossly disproportionate expenditures and with allowance for the natural processes of regeneration within a reasonable period of time.

A review of the record in the case *sub judice* illustrates that the evidence presented at the original trial focused upon assessing the value of each tree which was removed. However, on remand, the plaintiffs presented evidence establishing the cost of restoring their property to its preexisting condition. Evidence concerning the value of the destroyed trees was not presented to or considered by the trial court.

The evidence on remand consisted of the testimony of Mr. Knox, who described the damage done to his property, the testimony of Mr. Barron, who set forth the costs necessary to restore the land to its previous condition, and various photographs of the land. There simply is no evidence in the record which supports the defendant's assertion that Mr. Barron relied upon the tainted data supplied by the first expert. Mr. Barron visited the property in question and had personal knowledge of the damage.

It is evident, therefore, that the measure of damages employed in the two proceedings was different, as was the focus of the evidence presented. Accordingly, the defendant's first assignment of error is overruled.

In his second assignment of error, the defendant alleges the trial court erred when it awarded the plaintiffs a judgment in excess of that which was demanded in the prayer of their complaint. This assignment is without merit.

It is clear after reviewing the transcript of the hearing on remand that the defendant did not raise this issue before the trial court. Accordingly, the matter was waived by the defendant and will not be considered by this court on appeal. See *McGovern Builders, Inc. v. Davis* (1983), 12 Ohio App. 3d 153, 468 N.E.2d 90.

The judgment of the trial court is affirmed.

KLUSMEIER, P.J., and HILDEBRANDT, J., CONCUR
UTZ, J., CONCURRING SEPARATELY

UTZ, J., CONCURRING.

Although I join in affirming the damage award of the trial court, I wish to emphasize that I do so solely for the reason articulated *supra* in my brothers' response to the defendant's second assignment of error: that the disparity between the prayer for relief and the amount of the damage award was not explicitly questioned by the defendant in the court below. In my view, however, our reliance of the waiver doctrine could have been avoided if only the trial court had addressed the matter when it had the opportunity at an earlier stage in the proceedings to issue a ruling on the plaintiffs' motion for leave to amend their pleading. The application of the waiver rule in the case *sub judice* should not, therefore, be construed to denigrate in any way the singular importance of the trial court's duty to respond

on the record to all motions that property come before it. See *Newman v. Al Castrucci Ford Sales* (Oct. 12, 1988), Hamilton App. Nos. C-870371 and C-870796, unreported.