OPINION
{¶ 1} Appellant, Patsy Sue Whitt, appeals the decision of the Greene County Court of Common Pleas granting summary judgment in an action to evict her from her former residence. We affirm the decision of the trial court.
 {¶ 2} Donnie Whitt and appellant, his second wife, owned a single family home at 2376 Alder Wood Court, Xenia, by way of a survivorship deed. On February 5, 2001, Donnie Whitt executed a revocable trust and transferred his interest in the real estate to the Donnie Whitt Revocable Family Trust. That same day, appellant also conveyed her interest in 2376 Alder Wood Court to the trust by quitclaim deed. Shortly thereafter, Donnie Whitt died.
 {¶ 3} The alternate trustee to the Donnie Whitt Revocable Family Trust, Billy Whitt, sold the real estate as required by the provisions of the trust. Appellee, Patricia L. Whitt, Donnie Whitt's first wife, purchased the real estate. Gregory Whitt, appellee's and Donnie Whitt's son, pledged $200,000 of his interest in the trust toward appellee's purchase of the real estate. After closing, appellee promptly initiated eviction proceedings against appellant by serving proper notices. The trial court granted summary judgment regarding the eviction. Appellant appeals raising a single assignment of error:
 {¶ 4} "The trial court erred in awarding summary eviction relief in the face of genuine issues of fact."
 {¶ 5} This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440. An appellate court applies the same test as a trial court, as set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted it must be determined that (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Id.; Civ.R. 56(E).
 {¶ 6} The record demonstrates that appellant transferred her interest in 2376 Alder Wood Court by quitclaim deed to the Donnie Whitt Revocable Family Trust. On February 21, 2001, appellee closed on the purchase of 2376 Alder Wood Court. Appellee properly executed the necessary notice to appellant to vacate the premises. Appellant refused to vacate the premises and appellee initiated an eviction action arguing appellant retained no legal or equitable title in the property based on the quitclaim deed. Appellee has satisfied her initial burden.
 {¶ 7} Appellant has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Appellant argues that under the terms of her husband's revocable trust, "Donnie Whitt held legal title to the Trust assets as the appointed Trustee, while at the same time retaining the unrestricted right to revoke the trust and appoint solely to himself the trust assets including the marital residence." Therefore, appellant maintains that "there occurred thereby a merger of both legal and equitable titles in the entire property thereby vesting in, (appellant), a dower interest." Appellant argues that the dower interest should defeat the grant of summary judgment.
 {¶ 8} Appellant also argues that she never relinquished her dower rights in the quitclaim deed. She argues that signing the quitclaim deed was not a clear manifestation of intent because the deed "made no reference to dower rights at all, much less any reference to her dower interest in her husband's then one-half interest in the real estate, nor to her dower interest in both half interests upon the transfer to the Trust which had merged both legal and equitable title in the entire real estate in Donnie Whitt."
 {¶ 9} If an intention to convey land is apparent from an examination of the four corners of a deed, a court must give effect to that intention. See Little Miami, Inc. v. Wisecup (1984),13 Ohio App.3d 239, 241, citing Hinman v. Barnes (1946), 146 Ohio St. 497,508. When determining the grantor's intent, a court must analyze the language used in the deed, "the question being not what the parties meant to say, but the meaning of what they did say, as courts can not put words into an instrument which the parties themselves failed to do." Larwillv. Farrelly (1918), 8 Ohio App. 356, 360. See, also, Guida v. Thompson
(C.P. 1957), 80 Ohio Law Abs. 148.
 {¶ 10} The quitclaim deed executed by appellant states, "Donnie J. Whitt and Patsy S. Whitt married, of Greene County, State of Ohio, for valuable consideration, grants to the Donnie J. Whitt Revocable Family Trust * * * the following real property: * * * Lot Numbered Twenty (20) * * * duly recorded in Volume 25, Pages 112-117 * * * Plat Records of Greene County, Ohio, subject to all easements, covenants and restrictions." A quitclaim deed or release deed is one of the regular modes of conveying property known to the law, and that the release will convey to the releasee whatever interest the releasor has in the property. In re Vine Street Congregational Church (1910), 20 Ohio Dec. 573, 588. Furthermore, R.C. 5302.04 provides: "(i)n a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed, and it isunnecessary to enumerate or mention them either generally orspecifically." (Emphasis added.)
 {¶ 11} Appellant did not state in the deed that her dower rights are retained. As a result, the quitclaim deed passed to the grantee whatever interests the grantors had in the real estate which was held by the grantors. Consequently, appellant has no dower right in the real estate as a result of the lack of reference to dower rights in the quitclaim deed.
 {¶ 12} The power of revocation or alteration is perfectly consistent with the creation of a valid trust. Magoon v. Cleveland TrustCo. (1956), 101 Ohio App. 194, 201. It does not affect the legal title to the property. Id. R.C. 1335.01(C) provides in part: "A trust is not invalid because a person, including, but not limited to, the creator of the trust, is or may become the sole trustee and the sole holder of the present beneficial enjoyment of the corpus of the trust, * * * A merger ofthe legal and equitable titles to the corpus of such a trust shall not beconsidered as occurring in its creator * * *." Consequently, no merger took place because Donnie was the creator of the trust, retained the right to revoke the trust, and appoint solely to himself the trust assets. Therefore, the argument that appellant has dower rights is without merit.
 {¶ 13} Appellant argues that no consideration was conveyed for her execution of the quitclaim deed. Appellant maintains that the $200,000 transferred from a joint account with her husband into her name alone "only gives the appearances of valuable consideration, (but) does not constitute valuable consideration."
 {¶ 14} An acknowledgment in a deed of the payment of consideration is not essential to the conveyance; it is generally a mere formality.McGovern Builders, Inc. v. Davis (1983), 12 Ohio App.3d 153. Consideration, in this instance means anything given as quid pro quo for the conveyance of the real property. See Trout v. Parker (1991),72 Ohio App.3d 720, 725. It need not be money or anything reducible to money value. State ex rel. Roettinger v. Cincinnati (1933), 31 Ohio N.P.(N.S.) 230, 236. Furthermore, consideration is not insufficient merely because it is inadequate and any valuable consideration is sufficient to support a deed. Wood v. Morrish (Oct. 9, 1997), Cuyahoga App. No. 71211, at *5, citing Roettinger v. Cincinnati, 31 Ohio N.P.(N.S.) at 236.
 {¶ 15} The record demonstrates that $200,000 was removed from appellant's and Donnie's joint account and placed under her sole control. Appellant also received an interest in the trust. We hold that this constitutes sufficient consideration for appellant's conveyance of the quitclaim deed to the trust. Therefore, the argument is without merit.
 {¶ 16} Appellant also argues that the trust instrument did not permit advancement out of the trust proceeds to any of the beneficiaries other than for the living expenses of appellant. Therefore, appellant maintains that the trustee's advancement to Gregory Whitt for the purchase of 2376 Alder Wood Court was unauthorized. However, appellant failed to support this contention with citations to authorities as required. See App.R. 12(A). A court of appeals may disregard an argument presented for review if the party raising it fails to support the contention with citations to authorities. See Delaney v. CuyahogaMetropolitan Housing Authority (July 7, 1994), Cuyahoga App. No. 65714. Therefore, we will not do an exhaustive analysis with regard to appellant's argument that the trust instrument did not authorize an advancement out of the trust proceeds.
 {¶ 17} The trust provisions gave the trustee broad authority over management of the trust, including the sale and encumbrance of assets for benefit of beneficiaries. Section B of the "Powers of the Trustee" of the Donnie J. Whitt Revocable Family Trust states, "the Trustee may, without the consent of any Beneficiary * * * sell any asset or class of assets * * * and security arrangements (may be) taken as part of the purchase price." Section 1 of the Spendthrift Clause states, "(t)he interest held pursuant to the terms of this Trust, shall not, while in the possession and control of the Trustee * * * be subject to attachment or to any claims of creditors or to sale, assignment, pledge, encumbrance or alienation in any manner unless the Trustee first shall have consented to such actions in writing * * *."
 {¶ 18} The contract to purchase real estate, signed by Gregory Whitt and by Billy Whitt, as successor trustee of the Donnie J. Whitt Revocable Family Trust, states that the price "shall be paid at the closing by the execution and delivery by Purchaser of a written instrument reasonably satisfactory in form and substance to Seller and Purchaser relinquishing any right, title and interest in and to the Purchase price or any portion thereof which Purchaser would otherwise have as a beneficiary of the Donnie J. Whitt Revocable Family Trust." The terms of the trust allow the Trustee to consent to a pledge of a security interest in the trust by a beneficiary if it is in writing. The Contract to Purchase Real Estate, signed by Gregory Whitt and by Billy Whitt, as successor trustee, describes the security interest Gregory Whitt will pledge as part of the purchase price of the real estate. This is a sufficient writing. Furthermore, the terms of the trust allow the trustee to accept a security arrangement as part of the purchase price of real estate held by the trust. The funds Gregory Whitt pledged for appellee toward the purchase price of the real estate were not an unauthorized advancement but a pledge of security in Gregory Whitt's interest in the trust that was consented to by the Trustee. Therefore, the argument is without merit.
 {¶ 19} Appellant argues that she has an equitable claim of title in the property arising from the pending appeal. However, appellant does not cite any case law to substantiate this contention. As we previously discussed, a court of appeals may disregard an argument presented for review if the party raising it fails to support the contention with citations to authorities. See Delaney, Cuyahoga App. No. 65714. Therefore, we will not do an exhaustive analysis with regard to appellant's argument that she has an equitable claim of title in the property.
 {¶ 20} Appellant has no claim of title because she transferred the real estate to the trust by quitclaim deed. A quitclaim deed conveys to the grantee whatever interest the grantor has in the property. In re VineStreet Congregational Church, 20 Ohio Dec. at 588. R.C. 5302.04
provides: "(i)n a conveyance of real estate or any interest therein, all rights * * * belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed * * *." The quitclaim deed does not state that any interest in the real estate is retained. Therefore, the argument is without merit.
 {¶ 21} Appellant argues that appellee is a "Non-Bona Fide Purchaser." However, appellant fails to support the contention with citations to authorities as required and we may disregard an argument if the party raising it fails to support the contention with citations to authorities. See Delaney, Cuyahoga App. No. 65714. Therefore, we will not do an exhaustive analysis with regard to appellant's argument that appellee is not a bona fide purchaser.
 {¶ 22} A bona fide purchaser is a purchaser who takes property 1) for valuable consideration, 2) in good faith, and 3) absent notice of any adverse claims. The Shaker Corlett Land Co. v. City of Cleveland, et al.
(1942), 139 Ohio St. 536, 542.
 {¶ 23} Appellee tendered an offer to the trustee holding title to the real estate. The offer was accepted. According to the closing statement, appellee purchased the property for $400,000. This is valuable consideration. Appellee purchased the real estate in good faith. Appellee also purchased the property without notice of any adverse claims because the trust held title to the property by way of the quitclaim deed from appellant and her husband. After reviewing the facts and circumstances under which appellee obtained title to the real estate, we hold that the appellee met the criteria of bona fide purchaser. Therefore, the argument is without merit.
 {¶ 24} Consequently, no genuine issue as to any material fact remains to be litigated. The moving party is entitled to judgment as a matter of law. From the evidence it appears that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to appellant. Therefore, the single assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
Valen, P.J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Walsh, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Powell, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.