[Cite as *Wise v. Webb*, 2015-Ohio-4298.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

FREDERICK H. WISE :
:
     Plaintiff-Appellee : C.A. CASE NO.   2015-CA-50
:
v. : T.C. NO. 15CVG801
:
AMY T. WEBB, et al. : (Civil Appeal from
:  Municipal Court)
     Defendant-Appellant :
:

. . . . . . . . . .

**O P I N I O N**

Rendered on the    16th    day of    October   , 2015.

. . . . . . . . . .

RICHARD F. HEIL, JR., Atty. Reg. No. 0033661, One S. Limestone Street, Suite 800, P.O. Box 1488, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

AMY T. WEBB, 5803 Dialton Rd., Springfield, Ohio 45502
     Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Amy T. Webb appeals from a judgment of the Clark County Municipal Court, which granted restitution of her rented home to her landlord, Frederick H. Wise, for nonpayment of rent. For the following reasons, this appeal will be dismissed as moot.

**I. Procedural History**

{¶ 2} On March 19, 2015, Wise filed a complaint for forcible entry and detainer against Amy Webb and her adult son, Aaron Webb. Wise alleged that Amy Webb had executed a written month-to-month lease, and that, as of March 18, 2015, she had failed to pay her monthly rent of $695 for March 2015. Wise further alleged that, on March 10, 2015, he had served the Webbs with a notice to leave the premises. Wise sought restitution of the property, unpaid rent, the cost of any unpaid utility bills, and the cost to repair any damage to the premises. Wise attached to his complaint a copy of the written lease agreement and the notice to vacate.

{¶ 3} Copies of the summons and the complaint were served on Webb's daughter on March 23, 2015. The summons ordered the Webbs to appear for trial on April 8, 2015.

{¶ 4} On April 6, 2015, Wise and his attorney filed affidavits with the trial court. Wise stated in his affidavit that he is the owner of the home located at 5226 Hunter Road in Enon, that the premises were rented to Amy Webb under a written month-to-month rental agreement, that he (Wise) was "personally acquainted with the state of the rental account of Defendants," and that the Webbs breached the lease by failing to pay their monthly rent of $695 as of March 1, 2015.

{¶ 5} Wise attached a copy of the lease agreement, which was executed in April 2012, to his affidavit. Paragraph 11 of the lease agreement states: "Rent is due on the first of the month. Beginning on May 1 and for the remainder of 2012, said rent is $500.00 per month. The costs of all utilities are the responsibility of the tenant." The parties agree that Wise orally informed Webb in May 2014 that the rent would increase to $695 per month and that no revised written lease was executed.

{¶ 6} Wise's attorney's affidavit stated that, on March 10, 2015, he served the Webbs with written copies of a notice to leave the premises by personally serving Aaron Webb and leaving a copy for Amy Webb with Aaron Webb. A copy of the notice was attached to the affidavit. Wise's attorney also stated that Aaron Webb had been living at the premises since November 21, 2014, and the attorney supported that statement with copies of court documents related to three municipal court cases in which Aaron Webb was a defendant.

{¶ 7} On April 8, 2015, a trial was held before a magistrate. In a decision issued the same day, the magistrate found that the owner of the premises had provided an affidavit, "Defendant(s)" had testified, a copy of the written agreement was in the file, and a three-day notice to vacate had been served on the defendants. The magistrate found that restitution was appropriate due to nonpayment of rent. The same day, the trial court adopted the magistrate's decision and filed a judgment entry granting restitution of the premises to Wise and ordering the Webbs to vacate the property by April 13, 2015.

{¶ 8} The Webbs did not file objections to the magistrate's decision, and they did not seek a stay of the trial court's judgment granting restitution of the premises to Wise.

{¶ 9} On May 8, 2015, Amy Webb, pro se, appealed the trial court's order. Attached to the notice of appeal were copies of two rent checks that she had written, made payable to Wise: (1) dated March 12, 2015, in the amount of $695, for March 2015 rent, and (2) dated March 31, 2015, in the amount of $1,390, for March and April 2015 rent. Both checks have "refused" written on them.

## II. Landlord's Right to Restitution of the Premises

{¶ 10} Webb's appellate brief does not include assignments of error as required by

App.R. 16(A), but she argues that she should not have been evicted for nonpayment of rent, because Wise refused to accept the rental payments she had provided. Webb further asserts that Wise should have terminated their landlord/tenant relationship by means of a thirty-day notice to vacate the premises rather than through an eviction proceeding.

{¶ 11} "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000). A forcible entry and detainer action decides only the right to immediate possession of property. *Miami Valley Hous. v. Jackson*, 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5.

{¶ 12} When the tenant has vacated the premises and the landlord has again taken possession, the merits of an eviction action are generally rendered moot. *E.g., Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 & 2012 CA 21, 2012-Ohio-3594, ¶ 4.

> The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C.1923.14. The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises.

(Citations omitted.) *Cherry* at ¶ 5.

{¶ 13} Webb did not seek a stay of the trial court's order of restitution, and she did

not post a supersedeas bond. Based on the record before us, this appeal is moot.

{¶ 14} Even assuming, for sake of argument, that the Webbs continue to possess the Hunter Road property, we would find no error in the trial court's judgment. As an initial matter, the Ohio Rules of Civil Procedure require a party to file written objections to a magistrate's decision within 14 days of the filing of the decision. Civ.R. 53(D)(3)(b). Objections to factual findings must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii). When a party fails to file objections, the party may not assign as error on appeal the trial court's adoption of any factual finding or legal conclusion. Civ.R. 53(D)(3)(b)(iv). Webb did not file objections to the magistrate's decision. As a result, she has waived all but plain error in the trial court's judgment. *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 8.

{¶ 15} In reviewing the trial court's judgment, we are limited to the record before the trial court. *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 23. The affidavits provided by Wise and his attorney, which the trial court accepted as evidence, indicated that Webb breached her lease agreement by failing to timely pay her March 2015 rent. In the absence of a written transcript of the hearing before the magistrate, we have no record of the evidence presented to the magistrate, and we cannot speculate what the testimony was at that hearing. *Miller* at ¶ 9. From the record before us, we could not find plain error in the trial court's granting of a writ of restitution to Wise.

{¶ 16} Even if we were to consider the checks attached to Webb's notice of appeal, we could not conclude that the trial court erred in finding that she had failed to

pay rent as required by her lease agreement. The record before us indicates that Wise served a three-day notice to vacate on the Webbs on March 10, 2015 due to nonpayment of rent. Two days later, Amy Webb sent a check for $695, representing the March rent, to Wise. That check was refused. Webb then sent another check to Wise on March 31 with the full amount of the March and April rent. That check was also refused.

{¶ 17} "Under R.C.1923.04, a landlord is required to give a tenant at least three days notice before beginning an action in forcible entry and detainer. Such an action cannot be maintained if the landlord has waived his notice to vacate to the tenant. 'The generally accepted rule in Ohio is that, by accepting future rent payments after serving a notice to vacate, a landlord waives the notice as a matter of law, as such acceptance is inconsistent with the intent to evict.'" (Citations omitted.) *Juergens v. Strileckyj*, 2d Dist. Clark No. 2010 CA 36, 2010-Ohio-5159, ¶ 23.

{¶ 18} The record before us indicates that Wise complied with his obligation to provide a three-day notice to vacate. His refusal to accept the two checks that Webb subsequently tendered was necessary for Wise to preserve his right to bring an eviction action. And, we find no support to Webb's claim that Wise was required to terminate the month-to-month tenancy with a 30-day notice to vacate.

{¶ 19} Webb argues in her reply brief that Wise regularly accepted late rent payments. To support this assertion, she attached to her reply brief a printout from her bank of her rent payments for October 2013 through June 2014 and for August 2014, September 2014, November 2014, and December 2014. There is nothing in the record to indicate that Webb raised this issue in the trial court. Without a transcript of the trial, we cannot conclude that the trial court erred in finding that Wise was entitled to restitution

of the property due to nonpayment of rent in March 2015.

### III. Conclusion

**{¶ 20}** Webb's appeal from the trial court's judgment granting restitution to Wise will be dismissed as moot.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Richard F. Heil, Jr.
Amy T. Webb
Hon. Thomas E. Trempe