[Cite as *Fabian v. Kettering*, 2024-Ohio-360.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| ROBERT C. FABIAN | : | |
| | : | |
| Appellant | : | C.A. No. 29848 |
| | : | |
| v. | : | Trial Court Case No. 2023CV00135 |
| | : | |
| CITY OF KETTERING, et al. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 2, 2024

. . . . . . . . . . .

ROBERT C. FABIAN, Pro Se Appellant

CHRISTOPHER T. HERMAN & GABRIELLE E. KARL, Attorneys for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Appellant Robert C. Fabian appeals from a judgment of the Montgomery County Court of Common Pleas that granted the City of Kettering and James Tillotson's motion for judgment on the pleadings. (We will refer to the City of Kettering and Tillotson collectively as "Kettering.")   For the reasons that follow, the judgment of the trial court will

be affirmed.

## I. Facts and Procedural History

{¶ 2} The City of Kettering condemned Fabian's home at 2721 W. Bataan Drive in early 2019 for failure to have power or water. After the house was condemned, Fabian received regular notices of abatement. These notices informed him that the house continued to be uninhabitable due to the lack of power and water and the large amount of trash, lumber, household items, and inoperable vehicles on the property.

{¶ 3} To monitor Fabian's compliance with the condemnation and notices, Kettering code enforcement officer James Tillotson acquired an administrative search warrant in July 2021. Kettering officials found the condition of the home to be unchanged, and Fabian was cited for non-compliance. A second warrant was obtained and executed on September 2, 2021. Finding the property still in an uninhabitable condition, Fabian was issued a notice of intent to demolish.

{¶ 4} On September 24, 2021, Fabian filed suit pro se in the United States District Court for the Southern District of Ohio. *See Fabian v. Tillotson*, S.D.Ohio No. 3:21-CV-265, 2022 WL 3446346 (Aug. 17, 2022) ("*Fabian I*"). He alleged the City of Kettering and its officials (including Tillotson) had engaged in an unconstitutional pattern of harassment and interference with his property in relation to the condemnation. The suit alleged violations to his Fourth, Fifth, Sixth, and Ninth Amendment rights and sought both damages and injunctive relief.

{¶ 5} The district court granted the defendants' motions to dismiss and for judgment on the pleadings, denied Fabian a certificate of appealability, and certified that

any appeal would be frivolous. *Fabian I* at *5. He then turned his attention to state court.

{¶ 6} After filing a pro se complaint in the Montgomery County Court of Common Pleas on January 10, 2023, Fabian filed several irregular motions, including a "motion to rule" and a "motion to stay and protection order previously asked for to be ruled on." On February 27, Fabian filed his first amended complaint, which asserted state law claims for slander, fraud, and "abuse of power" and made constitutional claims pertaining to the Fourth and Fifth Amendments. It was followed by more novel motions on March 3 and March 8. Kettering filed its answer on March 13 and then a motion for judgment on the pleadings on May 2.

{¶ 7} On May 4, 2023, the court held an in-person scheduling conference at which the parties reviewed the pending judgment on the pleadings motion. Despite the discussion about the pending motion, Fabian failed to file a brief in opposition, and on June 5, the trial court granted Kettering's motion for judgment on the pleadings.

{¶ 8} Fabian has filed a timely appeal.

## II.     Judgment on the Pleadings

{¶ 9} As Kettering points out, Fabian's pro se brief does not comply with App.R. 16, which outlines the requirements of appellate briefs. Fabian's brief makes no formal legal arguments as to why the trial court erred by granting Kettering's motion for judgment on the pleadings other than to claim that it was a "failure of due process" for the court to not consider evidence purportedly filed and to claim that he did not know about the "motion to rule on preceedings [sic]." Despite Fabian's lack of conformance to the Rules and the irregular nature of the brief, we will nevertheless consider whether the trial court

erred by granting the motion for judgment on the pleadings.

{¶ 10} Civ.R. 12(C) provides that after the pleadings are closed, but within a time as to not delay the trial, any party can move for judgment on the pleadings. "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Offil v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14. *Accord Kraft v. Volunteers of Am. Dayton Residential Reentry Program*, 2d Dist. Montgomery No. 29802, 2023-Ohio-3912, ¶ 19 ("We recognize that in the context of a Civ.R. 12(C) motion, a trial court may not consider evidence outside of the pleadings.").

{¶ 11} "Unlike a Civ.R. 56 motion for summary judgment, which authorizes the court to evaluate evidentiary materials submitted for their probative worth, Civ.R. 12(C) imposes a structural test: whether on their face the pleadings foreclose the relief requested." *Greenview Local School Dist. Bd. of Edn. v. Staffco Constr., Inc.*, 2016-Ohio-7321, 71 N.E. 3d 1275, ¶ 12 (2d Dist.). The non-moving party is entitled to have all the material allegations in the pleadings construed in his favor as true. *Id.* at ¶ 11. The trial court may grant a judgment on the pleadings only where no material factual issue exists and one of the parties is entitled to judgment as a matter of law. *Discover Bank v. Swartz*, 2016-Ohio-2751, 51 N.E.3d 694, ¶ 14 (2d Dist.).

{¶ 12} A motion for judgment on the pleadings presents only questions of law, hence our review is de novo. *Powlette v. Carlson*, 2022-Ohio-3257, 197 N.E.3d 1, ¶ 20 (2d Dist.). That means we will independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery

No. 25950, 2015-Ohio-1394, ¶ 13.

{¶ 13} In Fabian's case, there are multiple reasons the trial court's decision to grant the motion for judgment on the pleadings was appropriate. We begin with res judicata.

{¶ 14} The doctrine of res judicata consists of two parts: (1) claim preclusion (res judicata) and (2) issue preclusion (collateral estoppel). Claim preclusion prevents later actions by the same parties based on a claim arising out of a transaction that was the subject of a previous lawsuit. *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6; *Brown v. City of Dayton*, 89 Ohio St.3d 245, 247, 730 N.E.2d 958 (2000); *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995) ("a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action").

{¶ 15} Issue preclusion stops re-litigation of any fact or point that was determined by the court in a previous suit between the same parties. *O'Nesti* at ¶ 7. "Issue preclusion applies even if the causes of action differ." *Id*.

{¶ 16} In this case, Fabian's constitutional claims are barred by res judicata. Fabian's Fourth and Fifth Amendment claims were raised in *Fabian I* and dismissed with prejudice by the federal court, which went so far as to certify that an appeal of the suit would be "objectively frivolous." Because those claims were previously adjudicated between the same parties, arising from the same transaction, they could not be brought in state court. The trial court did not err by granting the judgment on the pleadings as to those claims.

{¶ 17} Although the tort claims (slander, fraud, and "abuse of power") raised by Fabian were not barred by res judicata, they, similarly, were properly dismissed by the trial court because Kettering was immune from liability.

{¶ 18} "R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees. It establishes a three-step analysis for determining whether a political subdivision is immune from liability, starting with a broad rule that a political subdivision is generally not liable in damages." *Supportive Sols., L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 11. The second tier in the analysis focuses on exceptions to this immunity found in R.C. 2744.02(B). The third tier, which only comes into play if any of the exceptions exist, assesses whether defenses to liability contained in R.C. 2744.03 apply to reinstate immunity. *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 9.

{¶ 19} Immunity is also given to employees of political subdivisions. R.C. 2744.03(A)(6). For claims against an individual employee, the three-tiered analysis is not used; instead, R.C. 2744.03(A)(6) notes that an employee is immune unless "(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." *Lambert* at ¶ 10.

{¶ 20} As to Kettering, no exceptions to immunity were implicated as there were

no allegations of negligent operation of a vehicle, negligent performance by employees with respect to proprietary functions, negligent failure to keep roads repaired, negligence of an employee at a building used in connection with a governmental function, or that civil liability is imposed by statute. *See* R.C. 2744.02(B)(1)-(5). Because no exceptions to immunity applied, Kettering was immune from liability.

{¶ 21} Regarding Tillotson, Fabian made no allegations that his acts or omissions were outside the scope of his employment or that civil liability was imposed by statute. He did, however, make claims that could be construed as alleging Tillotson acted with malicious purpose or in bad faith. For instance, in his amended complaint, Fabian alleged that "Mr. Tillotson used photos of the property at a time when I did not own it" and that "he submitted photos of property that was not even the property in question in his report." Based on those allegations in the amended complaint, it is possible that the claims against Tillotson could have survived the motion for judgment on the pleadings. The trial court, however, determined that it was proper to dismiss all of Fabian's claims for failure to prosecute. This was an error because, as a substantive matter, there was at least one live controversy for the court to consider.

{¶ 22} Under Civ.R. 41(B)(1), a trial court is entitled to dismiss a suit due to the plaintiff's failure to prosecute, failure to comply with a court order, or failure to comply with the Rules of Civil Procedure. Such an action is within the discretion of the trial court and "appellate review is confined solely to whether the trial court abused that discretion." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

{¶ 23} In finding that Fabian's complaint should be dismissed with prejudice for

failure to prosecute, the trial court relied on Loc.R. 2.05(B)(2) of the Montgomery County Court of Common Pleas, General Division. The court reasoned that Fabian had violated this rule when he failed to file a memorandum in opposition to the motion for judgment on the pleadings. The court had explained to Fabian at the pretrial conference that if the pending motion were granted, the case would be dismissed.

{¶ 24} Loc.R. 2.05(B) outlines procedures for filing motions and responses. As pertinent here, subsection (B)(2) provides that:

(2.) Opposing Parties: All parties opposing motions shall file and serve a memorandum in opposition to the motion that has been filed and served against them. All memoranda shall:

(a.) be accompanied by copies of all photographs or documentary evidence that will be used in opposition to the motion, if the motion requires consideration of facts that do not appear in the record and

(b.) be filed and served within 14 days from the date on which the motion was served for all motions other than motions for summary judgment. Memoranda in opposition to motions for summary judgment shall be filed and served within 28 days from the date on which the motion for summary judgment was served. If no memorandum is filed within this time limit, the motion may be decided forthwith.

Notably, this rule does not say that cases will be dismissed if no opposing memorandum is filed; it says that the motion may be *decided* forthwith. This implies a decision will be

made on the merits.

{¶ 25} In support of its decision, the trial court cited *Estate of Hards v. Walton*, 8th Dist. Cuyahoga No. 93185, 2010-Ohio-3596, ¶ 3. In *Hards*, although the Eighth District Court of Appeals noted that a party's motion for judgment on the pleadings had been "unopposed," it also found no error in the trial court's substantive review. In this regard, the court of appeals stated:

> Despite the court's notation that the motion had been unopposed, the court plainly undertook a substantive review of the motion as evidenced by its finding that motion was "well-taken." By granting the motion under the applicable standard for granting a motion for judgment on the pleadings, the court must have taken the allegations of the complaint as true and found that the estate offered no set of facts that would entitle it to relief. So the failure to file a brief in opposition to the motion for judgment on the pleadings could not have been the sole reason that the court granted judgment on the pleadings.

*Id.* at ¶ 21.

{¶ 26} In this case, we have identified a viable claim, but the sole reason the trial court gave for the dismissal for failure to prosecute was the lack of response to the motion. The question, therefore, is whether failure to respond to the motion was a sufficient basis to dismiss the complaint with prejudice. We conclude that it was not. If we held otherwise, a precedent would be set allowing courts to dismiss cases where a party simply fails to respond to a motion, which is not the intent of the Civil Rules. As has often been stressed,

it is " 'a basic tenet of Ohio jurisprudence that cases should be decided on their merits.' " *Ohio Furniture Co. v. Mindala,* 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986), quoting *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

**{¶ 27}** Although we have concluded that the trial court erred in dismissing the case, there is one more issue to consider – waiver.

**{¶ 28}** By failing to file a memorandum in opposition, Fabian did not raise any issues for the trial court to consider. As a result, he has waived any potential errors in this appeal that could have been brought to the trial court's attention. *E.g., McGovern Builders, Inc. v. Davis*, 12 Ohio App.3d 153, 156, 468 N.E.2d 90 (2d Dist.1983). "However, the waiver doctrine is discretionary, and appellate courts may consider plain error where the rights and interests involved may warrant it." *Pruitt v. Haley*, 2d Dist. Greene No. 1997-CA-60, 1998 WL 71787, *1 (Feb. 20, 1998), citing *Hill v. Urbana*, 79 Ohio St.3d 1492, 683 N.E.2d 793 (1997). Thus, in order to prevail, Fabian must establish plain error.

**{¶ 29}** "Although in *criminal* cases '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court,' no analogous provision exists in the Rules of *Civil* Procedure." (Emphasis sic.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997), quoting Crim.R. 52(B). Thus, when applying the plain error doctrine in a civil context, reviewing courts must proceed with great caution. "[T]he doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." (Emphasis sic.) *Id.* at 122.

**{¶ 30}** While it is evident that the trial court erred by dismissing Fabian's entire case for failure to prosecute, that error does not rise to the level required to engage the civil plain error doctrine. Fabian's assignment of error (to the extent that he has one) is overruled.

### III.    Conclusion

**{¶ 31}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

LEWIS, J., concurs.

WELBAUM, J., dissents:

**{¶ 32}** "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, 79 Ohio St.3d 116, 679 N.E.2d 1099, at syllabus.   While granting relief under a plain error analysis is heavily disfavored, I believe, under the circumstances of this case, that dismissing the complaint for judgment on the pleadings when a claim was clearly stated in the complaint was plain error. Consequently, I would reverse the trial court on the dismissal of the viable claim identified by the majority.

**{¶ 33}** I therefore respectfully dissent.