[Cite as *M.A.N.S.O. Holding, L.L.C. v. Marquette*, 2024-Ohio-1188.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

DAVID M.A.N.S.O. HOLDING L.L.C. :
                          :

       Appellee              :      C.A. No. 2023-CA-58
                          :
v.                              :      Trial Court Case No. 23 CVG 01097
                          :
BRANDON D. MARQUETTE       :      (Civil Appeal from Municipal Court)
KORINTHIA I. YOCHUM        :
                          :
       Appellants           :

. . . . . . . . . . .

O P I N I O N

Rendered on March 29, 2024

. . . . . . . . . . .

BRANDON D. MARQUETTE & KORINTHIA I. YOCHUM, Pro Se Appellants

BRIAN D. DOWNING & IAN A. THOMAS, Attorneys for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendants-Appellants Brandon D. Marquette and Korinthia I. Yochum appeal from the trial court's judgment in favor Plaintiff-Appellee David M.A.N.S.O. Holding L.L.C.'s on its eviction action. For the reasons outlined below, Appellants' appeal will be dismissed as moot.

**I.     Factual and Procedural Background**

{¶ 2} Appellants entered into a one-year residential lease agreement with Appellee

in June 2022. Pursuant to the lease agreement, Appellants were to pay $699 per month in rent to Appellee. Under Section 17 of the lease, Appellants agreed that, if they were to holdover and remain in possession of the leased premises after the expiration of the lease without Appellee's written consent, the lease would not be construed to be renewed or extended but, rather, would become a month-to-month tenancy with the same terms and conditions as the original lease agreement, subject to a rent increase of $50 per month. The month-to-month tenancy would be subject to termination by either party at the end of any month with 30 days prior written notice. To give such notice, Appellee was required to affix written notice to Appellants' main exterior entry door or mailbox.

{¶ 3} The relationship between the parties apparently deteriorated following a water incident on the property in December 2022. On April 11, 2023, Appellee served Appellants with a notice of non-renewal of the lease by affixing the notice to the main door of Appellants' residence; the notice indicated that the lease would not be renewed following its expiration on June 1, 2023. Appellants did not vacate the property upon the expiration of the lease.

{¶ 4} On August 11, 2023, Appellee's agent visited the property and discovered that Appellants were still living there. At that time, Appellee served Appellants with a notice of non-renewal of the lease and termination of tenancy by again affixing the notice to Appellants' door. The notice advised Appellants that the last and final day of their month-to-month tenancy as holdover tenants would be on September 30, 2023.

{¶ 5} On October 5, 2023, Appellee's agent again visited the property and discovered that Appellants were still occupying the residence. Appellee then served

Appellants with a three-day notice to leave the premises, again affixing the notice to Appellants' door. Appellants once again did not vacate the property as requested.

{¶ 6} On October 18, 2023, Appellee filed a complaint for eviction, seeking to recover possession of the premises. Thereafter, Appellants filed an answer and several counterclaims, including retaliatory eviction and conduct in violation of R.C. 5321.04. In their answer, Appellants admitted that they had entered into a lease agreement with Appellee and that Section 17 of the lease agreement set forth the provisions of a month-to-month tenancy with an associated rent increase upon Appellants' holdover. Appellants also acknowledged receipt of the April 11, August 11, and October 5 notices affixed to their door.

{¶ 7} On November 2, 2023, the matter proceeded to a hearing on the eviction claim only. During the hearing, Michael Siwo, a member and agent of Appellee, testified that Appellee was the owner of the property, and he provided a copy of the deed showing Appellee's ownership. Siwo also testified that Appellee had not accepted any rent from Appellants since the three-day notice was served upon them.

{¶ 8} After Appellee's witness testified but before Appellants presented witness testimony or exhibits at the hearing, counsel for Appellee moved for "judgment on the pleadings," arguing that Appellants had admitted in their answer to every element related to granting restitution of the premises to Appellee. (Appellant Marquette, acting pro se, indicated that the exhibits and witness he intended to present related to his "defense of retaliation" rather than restitution of the premises.) The trial court granted Appellee's "motion for judgment on the pleadings" and entered judgment in favor of Appellee for

restitution of the premises.

{¶ 9} Appellant Marquette sought to stay the trial court's judgment pending appeal. We granted Marquette's request to stay the judgment but only on the condition that he post a bond in the amount of $15,486 with the trial court, which he did not do. Thereafter, the premises were restored to Appellee when Appellants vacated the property. Appellants appeal.

## II.     Nature of the Judgment

{¶ 10} As a preliminary matter, we note that Appellee's counsel requested and the trial court granted "judgment on the pleadings" after the trial court had heard testimony from Appellee's witness, Siwo.   But "[d]etermination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint."   *Fabian v. Kettering*, 2d Dist. Montgomery No. 29848, 2024-Ohio-360, ¶ 10, citing *Offil v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14.   To enter judgment on the pleadings, the court may not consider "[e]vidence in any form[.]"   *Reeser v. Weaver Bros., Inc.*, 2d Dist. Darke No. 1359, 1995 WL 386849, *3 (May 1, 1995), citing *Conant v. Johnson*, 1 Ohio App.2d 133, 135, 204 N.E.2d 100 (4th Dist.1964). Although it is unclear the extent to which the trial court considered Siwo's testimony in granting judgment in favor of Appellee on the restitution claim, if at all, in our view, the trial court did not properly characterize its decision as a judgment on the pleadings after hearing testimony from a witness.   However, for the reasons discussed below, this error does not affect the outcome of this appeal.

## III.     Assignments of Error

{¶ 11} Appellants assert the following two assignments of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING SUMMARY JUDGMENT PURSUANT TO CHAPTER 1923 WITHOUT ALLOWING DEFENDANTS THE OPPORTUNITY TO PRESENT THEIR CASE, INCLUDING WITNESS TESTIMONY AND EXHIBITS, IN VIOLATION OF PROCEDURAL DUE PROCESS.

THE TRIAL COURT ERRED IN ITS INTERPRETATION AND APPLICATION OF THE LAW BY IMPROPERLY DISREGARDING THE TENANTS' AFFIRMATIVE DEFENSE OF RETALIATORY EVICTION UNDER CHAPTER 5321 OF THE OHIO REVISED CODE, PARTICULARLY IN THE CONTEXT OF HOLDOVER TENANCY.

{¶ 12} In their first assignment of error, Appellants allege that the trial court abused its discretion by granting "summary judgment." As discussed above, the trial court's judgment was not a judgment on the pleadings; similarly, it was not a "summary judgment" insofar as no such motion had been filed. However, a forcible entry and detainer action as authorized in R.C. Chapter 1923 is a *summary proceeding* in which any judge of a county court may inquire into disputes between landlords and tenants and, where appropriate, order restitution of the premises to the landlord. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000), quoting *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 130, 423 N.E.2d 177 (1981). Thus, the court's order was entered in a summary proceeding, but it was not a summary judgment.

{¶ 13} "The role of courts is to decide adversarial legal cases and to issue

judgments that can be carried into effect." *Cerise Cap. LLC v. Dewberry*, 2d Dist. Montgomery No. 29248, 2022-Ohio-1874, ¶ 11; *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.

**{¶ 14}** When a tenant has vacated the premises and the landlord has again taken possession of the property, "the merits of an eviction action are generally rendered moot." *Wise v. Webb,* 2d Dist. Clark No. 2015-CA-50, 2015-Ohio-4298, ¶ 11, citing, *e.g., Cherry v. Morgan,* 2d Dist. Clark Nos. 2012-CA-11 & 2012-CA-21, 2012-Ohio-3594, ¶ 4. In *Wise*, we reiterated the only method, as set forth in R.C. 1923.14, by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot, summarizing:

> The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal *by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond*. If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises.

(Emphasis added.) *Wise* at ¶ 12, citing *Cherry* at ¶ 5. "If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored

to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted." (Citations omitted.) *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. Franklin No. 15AP-641, 2016-Ohio-1602, ¶ 15.

**{¶ 15}** At the November 2, 2023 hearing, the trial court explained that the only claim at issue before the court was Appellee's eviction claim. After hearing Siwo's testimony and considering the admissions in Appellants' answer, the trial court found that Appellee had sufficiently proven the elements of the eviction claim and granted judgment in favor of Appellee.   Although Appellant Marquette sought to stay the execution of the judgment, Appellants did not post a bond as required to avail themselves of the remedy. The judgment underlying this appeal was later executed, and Appellants were evicted from the property, restoring possession of the premises to Appellee. Because Appellants vacated the property which was the subject of the eviction action, no actual justiciable controversy on the eviction claim remains between the parties. Thus, based on the record before us, we conclude that this appeal is moot. Having determined that Appellants' appeal is moot, we conclude that Appellants' appeal is subject to dismissal.

## IV.    Conclusion

**{¶ 16}** The appeal is dismissed as moot.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.