[Cite as *Clean Wood Recycling, Inc. v. Tony's Landscaping, Inc.*, 2014-Ohio-5280.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Clean Wood Recycling, Inc.                    Court of Appeals No. L-14-1074

    Appellant                    Trial Court No. CVI-1300241

v.

Tony's Landscaping, Inc. and
Anthony Martin                    **<u>DECISION AND JUDGMENT</u>**

    Appellees                    Decided: November 26, 2014

* * * * *

Matthew M. McHugh, for appellant.

* * * * *

**JENSEN, J.**

## Introduction

{¶ 1} This is a breach of contract action brought by appellant, Clean Wood Recyling, Inc., an Ohio corporation with its principle place of business in Toledo, Ohio.

Appellant is engaged in the business of recycling whereby it processes green waste and then resells products derived from that waste. Appellee, Anthony Martin, is the sole proprietor of appellee, Tony's Landscaping, Inc.

{¶ 2} Appellant sued appellees for breach of contract after appellees failed to pay for any of the eleven loads of mulch appellant supplied to them in May of 2012. Appellant sought to recover compensatory damages and costs, including reasonable attorney fees, pursuant to the terms of the contract between the parties. Following a bench trial, the trial court awarded appellant the full amount of the unpaid invoices, with interest, but denied appellant's request for attorney fees.

{¶ 3} For the following reasons, we reverse the trial court's judgment and remand the matter to the lower court for further proceedings consistent with this opinion.

**Facts and Procedural History**

{¶ 4} On April 30, 2012, Anthony Martin, acting on behalf of Tony's Landscaping, Inc., completed an application for credit from appellant. Tony's Landscaping sought a credit limit of $1000 and agreed that "invoices are due on receipt." In exchange for the extension of credit, Tony's Landscaping agreed "to pay for [appellant's] costs in collecting over due [sic] invoices which includes actual costs and reasonable attorney fees." As a condition of extending credit to Tony's Landscaping, appellant sought a "personal guarantee" from Anthony Martin. The personal guarantee also provided for "reasonable counsel fees" in the event of default by Tony's Landscaping.

2.

{¶ 5} Between May 5 and 16, 2012, appellant supplied Tony's Landscaping with eleven loads of mulch, worth a total of $606.32. Neither appellee paid any of the eleven invoices that were submitted by appellant.

{¶ 6} On August 27, 2012, appellant filed a breach of contract claim in the Sylvania Municipal Court (case no. CVF-1201034). The court dismissed the case for want of prosecution on June 7, 2013. Appellant refiled the instant case in the small claims division of the municipal court on October 16, 2013.

{¶ 7} In the complaint, appellant requested compensatory damages in the amount of $606.32, plus interest and attorney fees. Neither appellee filed an answer to the complaint. Martin did, however, attend a pretrial conference on December 17, 2013. After the pretrial conference, the trial court issued a journal entry in which the court noted Martin's acknowledgement of part of the debt. That is, he acknowledged receiving six loads of mulch and owing appellant $337.84. He denied, however, having received the other five loads, worth $268.48. The court set a trial date for February 6, 2014.

{¶ 8} During the trial, the court received evidence from both sides and heard testimony from Martin and two managers employed by appellant. At the conclusion of the trial, the court found that the testimony and evidence presented by appellant was credible. It concluded that appellant had established by a preponderance of the evidence that it provided all eleven loads of mulch to Tony's Landscaping. It found Martin's theory, that some unknown third party had signed for the disputed deliveries, "inconceivable."

3.

{¶ 9} The trial court awarded appellant compensatory damages in the amount of $606.32 against appellees, jointly and severally, "plus costs and statutory interest * * *." With regard to attorney fees, however, the trial court decided,

> In the instance [sic] case, the Court urged [Martin] and representatives of [appellant] to meet and consult over the discrepancies which [Martin] indicated he made numerous attempts to do. [Martin] was questioned by the Court as to what response he received to which he stated [that appellant's office manager] told him that "she had nothing to discuss with him." But for this lack of responsiveness * * * the Court would have awarded attorney's fees to [appellant's] counsel pursuant to the application for credit * * *. [T]he Court is of the opinion that [appellant] is not entitled to attorney's fees.

{¶ 10} The trial court journalized its decision and judgment entry on March 6, 2014. Appellant filed a notice of appeal on April 4, 2014. Appellant alleges one assignment of error:

> I. The trial court abused its discretion in refusing to award attorney fees under a valid commercial contract and guaranty.

**Law and Analysis**

{¶ 11} With regard to attorney fees, Ohio follows the "American Rule," which means that each party to a lawsuit must pay its own attorney fees. *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.*, 46 Ohio St.2d 177, 179, 347 N.E.2d 527 (1976). There

4.

are, however, three exceptions to that rule whereby fee-shifting for, and taxing attorney fees as, costs is allowed. Thus, attorney fees may be awarded (1) if there has been a finding of bad faith; (2) if a statute expressly provides that the prevailing party may recover attorney fees; or (3) if the parties' enforceable contract provides for fee-shifting. *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34, 514 N.E.2d 702 (1987); *Sorin, supra.*

{¶ 12} This case involves fee shifting pursuant to a contract. "[A]greements to pay another's attorney fees are generally enforceable and not void as against public policy so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case." (Citation omitted.) *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 8. "The presence of equal bargaining power and the lack of indicia of compulsion or duress are characteristics of agreements that are entered into freely." *Id.*

{¶ 13} Generally, we review a trial court's decision regarding an award of attorney fees for an abuse of discretion. *Painters Supply & Equipment Co. v. Wagner,* 6th Dist. Lucas No. L-07-1320, 2008–Ohio–258, ¶ 16. This case, however, involves whether the trial court erred in failing to enforce the attorney fee agreements. Interpretation of written contracts are questions of law. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus, superseded by statute on other grounds. A trial court's interpretation of a contract is subject to de novo review.

5.

*Long Beach Assn., Inc. v. Jones,* 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998), citing

*Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147, 593 N.E.2d 286 (1992).

{¶ 14} In this case, each appellee agreed to pay reasonable attorney fees. Again, Tony's Landscaping agreed "to pay for [appellant's] costs in collecting over due [sic] invoices which includes actual costs and reasonable attorney fees." Likewise, Anthony Martin signed a "personal guarantee" which provides, in part,

> As an inducement to [Clean Wood Recycling, Inc.] to grant credit *
> * * to Tony's Landscaping, hereinafter referred to as the "Customer" * * *
> [Anthony Martin] shall pay [Clean Wood Recycling, Inc.] promptly when
> due, or upon demand thereafter, * * * including interest * * * together with
> al [sic] expenses of collection and/or reasonable counsel fees incurred by
> [Clean Wood Recycling, Inc.] by reason of the default of the Customer.

{¶ 15} The trial court denied enforcement of the above provisions as a consequence for, what the court called, appellant's "unresponsiveness" prior to trial. Importantly, however, the lower court made no finding that the attorney fee provisions were ambiguous, or the product of compulsion or duress, or that the parties had unequal bargaining power. Moreover, this court has reviewed the record and found no such factors that, if present, could have supported the trial court's decision not to enforce an otherwise valid attorney fee provision.

{¶ 16} "[P]ersons have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced. * * * Government interference with this

right must therefore be restricted to those exceptional cases where intrusion is absolutely necessary, such as contracts promoting illegal acts." *Nottingdale,* 33 Ohio St.3d at 36, 514 N.E.2d 702. We find no evidence in this case warranting the trial court's interference with the lawful agreement of the parties. In other words, while the trial court has discretion to determine the amount of the award, it may not refuse to enforce their agreement. *Painters Supply & Equip. Co.,* 6th Dist. Lucas No. L-07-1320, 2008-Ohio-258, ¶ 17. (Trial court erred in refusing to enforce attorney fee agreements set forth in credit application and personal guarantee in successful breach of contract action by supplier.).

{¶ 17} The record contains evidence of an enforceable contract between the parties for the payment of reasonable attorney's fees. The trial court erred in refusing appellant's request for payment of those fees. We find appellant's assignment of error is well-taken.

{¶ 18} We remand this case to the trial court and instruct it to determine the reasonable amount of attorney fees owed by appellees. *Klein v. Moutz,* 118 Ohio St.3d 256, 2008-Ohio-2329, 888 N.E.2d 404, ¶ 13. ("The trial court is in a better position to determine a fee award, for it may hold a hearing, take testimony, create a record, and otherwise evaluate the numerous factors associated with calculating an attorney-fee award.")

7.

{¶ 19} The judgment of the Municipal Court of Sylvania, Small Claims Division in Lucas County, Ohio, is hereby reversed and remanded to the lower court for further proceedings consistent with this opinion. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.