[Cite as *Connor Group v. Toretzky*, 2021-Ohio-3752.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

CONNOR GROUP

    Plaintiff-Appellee/Cross-
Appellant

v.

BOBBIE TORETZKY

    Defendant-Appellant/Cross-
Appellee

:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 29008

Trial Court Case No. 2017-CV-5868

(Civil Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . . .

GREGORY R. MANSELL, Atty. Reg. No. 0085197 & CARRIE J. DYER, Atty. Reg. No.
0090539, 1457 South High Street, Columbus, Ohio 43207
    Attorneys for Plaintiff-Appellee/Cross-Appellant

STEPHEN A. WATRING, Atty. Reg. No. 0007761 & AMY C. MITCHELL, Atty. Reg. No.
0069548, 110 North Main Street, Suite 1000, Dayton, Ohio 45402
    Attorney for Defendant-Appellant/Cross-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} This is an appeal from an order of the Montgomery County Court of Common Pleas declining to award attorney fees and costs to any of the parties under a contractual fee provision. The trial court determined that no party was "the prevailing party" in this case. The order is appealed by Bobbie Toretzky and cross-appealed by The Connor Group, LLC, Larry Connor, and Bob Lloyd.

{¶ 2} We conclude that the trial court's determination was reasonable and that the court did not err, so we affirm.

## I. Factual and Procedural Background

{¶ 3} Toretzky was a member of The Connor Group (TCG) and had purchased an interest in the LLC under a "Membership Interest Purchase and Sale Agreement." On December 18, 2017, TCG filed a complaint against Toretzky in her capacity as a member and as an area manager of TCG, claiming that she had breached a fiduciary duty and that she was a faithless servant. Toretzky responded with counterclaims against TCG, as well as against Larry Connor and Bob Lloyd, for disability discrimination under the Americans with Disabilities Act (ADA) and the Ohio Revised Code, unlawful medical examination under the ADA, hostile work environment under the ADA and the Ohio Revised Code, retaliation under the ADA and the Ohio Revised Code, and invasion of privacy.

{¶ 4} A jury trial was held, and the jury found for Toretzky on TCG's claims and for TCG on Toretzky's counterclaims. (We will use "TCG" to refer to the TCG defendants collectively.) In short, the jury rejected all of Toretzky's claims and all of TCG's claims, and it did not award damages to any party.

{¶ 5} Toretzky and TCG each filed a motion for an award of attorney fees and costs under a provision in the Agreement stating that "the prevailing party" was entitled to recover such fees and costs. After a hearing, the trial court entered a decision denying both motions on December 18, 2020. The court determined that neither party was the prevailing party in this case.

{¶ 6} Toretzky appealed, and TCG cross-appealed.

## II. Analysis

{¶ 7} Toretzky's sole assignment of error and TCG's sole cross-assignment of error respectively allege:

In its December 18, 2020 Decision & Entry, the Trial Court erred in holding that Appellant/Cross-Appellee Toretzky is not entitled to her reasonable attorneys' fees and costs as a prevailing party after successfully defending against a claim brought by Appellee/Cross-Appellant The Connor Group, A Real Estate Investment Firm, LLC, under the parties' Membership Purchase Agreement, which contains a non-discretionary fee-shifting provision.

In its December 18, 2020 Decision, the trial court erred in holding that Appellees are not entitled to their reasonable attorney's fees and costs as a prevailing party after successfully defending against Appellant's claim that she was entitled to over $3.4 million dollars in lost partnership distributions.

{¶ 8} "Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees[.]"

(Citations omitted.) *Wilborn v. Bank One Corp.,* 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. "[A]greements to pay another's attorney fees are generally enforceable * * * so long as the fees awarded are fair, just and reasonable as determined by the trial court upon full consideration of all of the circumstances of the case." (Citation omitted.) *Id.* at ¶ 8.

{¶ 9} "Normally, decisions on attorney fee awards are reviewed for abuse of discretion." *L.G. Harris Family Ltd. Partnership I v. 905 S. Main St. Englewood, L.L.C.*, 2d Dist. Montgomery No. 26682, 2016-Ohio-7242, ¶ 37, citing *Clean Wood Recycling, Inc. v. Tony's Landscaping, Inc.,* 6th Dist. Lucas No. L-14-1074, 2014-Ohio-5280, ¶ 13. But if the trial court's alleged error "in failing to enforce a fee agreement is based on contract interpretation, the decision is subject to de novo review." *Id.*; *see also Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus (stating that the interpretation of a written contract is a question of law).

{¶ 10} Section 7.10 of the parties' Membership Interest Purchase and Sale Agreement contains the fee provision at issue:

> If any litigation arises under this Agreement, the prevailing party (which term shall mean the party which obtains substantially all of the relief sought by such party) shall be entitled to recover, as a part of its judgment, reasonable attorneys' and paralegals' fees, court costs and expert witness fees. * * *

{¶ 11} The trial court determined that there was no one prevailing party in this litigation, so neither party was entitled to fees. The court found that each party prevailed on a set of claims. Toretzky obtained full "relief" on TCG's claims against her, while TCG failed to obtain any relief. And TCG obtained full "relief" on Toretzky's counterclaims

against it, while Toretzky failed to obtain any relief. Therefore, the court reasoned, in one sense, both parties prevailed under the fee provision. But looking at the case as a whole, the court determined that neither party was "the" prevailing party, because neither party prevailed entirely and neither party was awarded damages.

{¶ 12} The first issue that we must decide is what standard of review to apply. Toretzky says that we should review the trial court's decision de novo, because the asserted error is that the trial court failed to enforce the fee agreement based on contract interpretation. But TCG argues that an abuse-of-discretion standard is proper, because the trial court found the fee-provision enforceable and the only argument is that the court incorrectly determined that neither party was "the prevailing party." We agree with TCG.

{¶ 13} In *L.G. Harris,* 2d Dist. Montgomery No. 26682, 2016-Ohio-7242, there were claims and counterclaims, and each party succeeded on some of its claims for affirmative relief but not on others. Each side contended that it was the prevailing party in the case. But the trial court determined that "neither party was a prevailing party for purposes of the attorney fees provision in the contract." *Id.* at ¶ 65. On appeal, we applied an abuse-of-discretion standard to the trial court's decision, finding the court's determination reasonable.

{¶ 14} Likewise, we conclude here that the trial court's determination was reasonable that neither party was "the prevailing party" under the fee provision in Section 7.10 of their contract. As we noted in *L.G. Harris,* "[i]n the context of costs, the Supreme Court of Ohio has * * * said that '[d]enying costs to both parties can be appropriate when neither party entirely prevails.' " (Citations omitted.) *Id.* at ¶ 44, quoting *State ex rel. Reyna v. Natalucci-Persichetti,* 83 Ohio St.3d 194, 198, 699 N.E.2d 76 (1998). Neither of the

parties here succeeded on any affirmative (counter)claims for relief. "As a result, both parties successfully defended against the claims of the other party, but also failed to prevail in part of their cases." *Id.* at ¶ 65.

**{¶ 15}** We have considered all other contentions of the parties and conclude that they are without merit and no discussion is necessary because the conclusion that neither party is the prevailing party is dispositive.

### III. Conclusion

**{¶ 16}** Toretzky's assignment of error and TCG's cross-assignment of error are overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Gregory R. Mansell
Carrie J. Dyer
Stephen A. Watring
Amy C. Mitchell
Hon. Gerald Parker