[Cite as *Cerise Capital L.L.C. v. Dewberry*, 2022-Ohio-1874.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CERISE CAPITAL LLC | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29248 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-2466 |
| | : | |
| JENNIFER DEWBERRY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2022.

. . . . . . . . . . .

JOHN D. POLEY, Atty. Reg. No. 0000051, 46 Rogge Street, Dayton, Ohio 45409
     Attorney for Plaintiff-Appellant

STEVEN M. KATZ, Atty. Reg. No. 0096374 & ROBERT K. DICUCCIO, Atty. Reg. No.
0095626, 503 South High Street, Suite 100, Columbus, Ohio 43215
     Attorneys for Defendants-Appellees

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Cerise Capital LLC appeals from a judgment of the Montgomery County Court of Common Pleas, which denied its request for restitution of its commercial property from tenants Jennifer and David Dewberry.   For the following reasons, this appeal will be dismissed as moot.

## I. Facts and Procedural History

{¶ 2} On January 15, 2021, the Dewberrys entered into a lease with Cerise Capital for the commercial property located at 5849-5953 Springboro Pike.   The Dewberrys planned to open a child care center at that location.   Ronald Schumaker, president of Redstone Group, Inc., the sole member of Cerise Capital, signed the lease on behalf of Cerise Capital.

{¶ 3} The leased area totaled 4,200 square feet.   Under the terms of the lease, 2,400 square feet would be delivered upon execution of the lease and 1,800 square feet would be delivered upon the completion of certain work performed by the landlord.   The parties agreed to a five-year term with an additional five-year option.   The lease included a graduated rent schedule: (1) Months 1-3: Abated; (2) Months 4-6: $1,250; (3) Months 7-60: $2,450; (4) Option Months 61-120: $4,830.   The rent was to increase an additional $1,800 per month 60 days after the landlord delivered the 1,800 square feet portion of the premises.   Section 5 (Rent) of the lease stated that rent "shall be paid to Landlord * * * at such place as Landlord may from time to time designate in writing."   The Dewberrys also were required to pay a $4,200 security deposit upon execution of the lease.

{¶ 4} The parties quickly began to have difficulties. According to Schumaker, the Dewberrys' initial security deposit check bounced, although it was ultimately paid. On April 24, 2021, Jennifer Dewberry told Schumaker that she had a rent payment, which had been due on April 15. Schumaker told her to leave it for him in a cabinet drawer below a security panel at the premises. Schumaker received and accepted the money order for $666.67, the prorated amount of rent due for April 2021.

{¶ 5} The Dewberrys had concerns about mold and other issues, and they did not make a rent payment on May 1, 2021. On May 10, Schumaker inquired about the status of the rent payment. The Dewberrys proposed to meet with Schumaker at the business premises on May 15, at which time they would render payment, and Schumaker agreed. On May 15, Schumaker went to the building, but did not enter; he left when he saw no other vehicles in the parking lot. The Dewberrys came for the meeting and put the rent payment, including late fees, in the drawer at the building, as they had previously done. On May 17, David Dewberry notified Schumaker via text message that the rent payment was in the drawer; Schumaker never retrieved it.

{¶ 6} On May 20, 2021, Schumaker posted a three-day notice to vacate on the main entrance to the Dewberrys' business. On June 17, 2021, Cerise Capital filed a forcible entry and detainer action in the common pleas court, seeking restitution of the premises (Count One) and unpaid rent and other damages in excess of $30,000 (Count Two). The Dewberrys denied the allegations and brought counterclaims for breach of contract, promissory estoppel, and unjust enrichment. Their prayer for relief asked for attorney fees and costs related to Cerise Capital's claims, as well as compensatory

damages, attorney fees, court costs, and both pre-judgment and post-judgment interest at the statutory rate for their own claims. Cerise Capital asked the trial court to bifurcate the issues of damages and attorney fees.

{¶ 7} On July 23, 2021, the trial court held a bench trial on whether Cerise Capital was entitled to immediate possession of the commercial property due to non-payment of rent. Schumaker stated that rent payments were to be handed to him directly or, pursuant to Section 29 (Notice) of the lease, mailed to him at his Fairview Drive address in Carlisle, Ohio. Schumaker testified that there was no ongoing arrangement for rent payments to be left in the drawer and that he had not received the May rent. David Dewberry testified that Schumaker had waived the late payment of the May rent in writing and the payment was still in the drawer. The Dewberrys disagreed that rent was required to be mailed to Schumaker under the terms of the lease.

{¶ 8} On August 10, 2021, the trial court ruled in favor of the Dewberrys and denied the request for restitution of the premises. The court found that Cerise Capital had "failed to meet its burden by demonstrating that Defendants did not pay rent in the months of April or May, 2021." The trial court included language pursuant to Civ.R. 54(B). We note that Civ.R. 54(B) does not apply to forcible entry and detainer actions. *Bowshier v. Bowshier*, 2d Dist. Clark No. 2012-CA-40, 2013-Ohio-297, ¶ 34, citing *Cuyahoga Metro. Housing Auth. v. Jackson*, 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (1981). A judgment on a forcible entry and detainer action nevertheless is immediately appealable as arising from a special proceeding. *See, e.g., Sholiton Industries, Inc. v. Royal Arms, Ltd.*, 2d Dist. Montgomery No. 17480, 1999 WL 355898, *8 (June 4, 1999).

{¶ 9} Cerise Capital appeals from the trial court's judgment, raising three assignments of error. It claims that (1) the trial court's decision was against the manifest weight of the evidence, (2) the court erred in failing to find that the Dewberrys were required to pay their rent by mail to the Carlisle address, and (3) the court erred in failing to find that the Dewberrys did not pay rent as required by the lease.

## II. Mootness

{¶ 10} Before we address the merits of Cerise Capital's assignments of error, we must consider whether the appeal is moot. In their appellate brief, the Dewberrys state that due to Cerise Capital's refusal to continue renovations within the premises, they "vacated the premises and returned exclusive possession to Plaintiff on February 9, 2022." They further note that Cerise Capital has received and accepted every rent payment between April 2021 and January 2022. The Dewberrys supported these statements with an affidavit from David Dewberry, and they ask us to dismiss the appeal as moot.

{¶ 11} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.

{¶ 12} "A forcible entry and detainer action is intended to serve as an expedited

mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000). A forcible entry and detainer action decides only the right to immediate possession of property. *Miami Valley Hous. v. Jackson*, 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5. "When the tenant has vacated the premises and the landlord has again taken possession, the merits of an eviction action are generally rendered moot." *Wise v. Webb*, 2d Dist. Clark No. 2015-CA-50, 2015-Ohio-4298, ¶ 12, citing *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012-CA-11 & 2012-CA-21, 2012-Ohio-3594, ¶ 4 ("Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted.").

{¶ 13} Cerise Capital has not responded to the Dewberrys' motion to dismiss. Accordingly, it appears undisputed that the Dewberrys have vacated the commercial property. Because Cerise Capital has been restored to the premises, we cannot provide any meaningful remedy, even if we were to find that any of its assignments of error had merit. Consequently, this appeal is moot.

### III. Attorney Fees

{¶ 14} In conjunction with their motion to dismiss, the Dewberrys have requested attorney fees. They state in their motion that, despite discussions between counsel, Cerise Capital has refused to dismiss the appeal even though it is now moot. The Dewberrys have not indicated under what authority we should grant its request.

{¶ 15} Under App.R. 23, an appellate court may require the appellant to pay reasonable fees if the appellate court determines that the appeal is frivolous. App.R. 23;

*Springfield Venture, L.L.C. v. U.S. Bank, N.A.,* 2015-Ohio-1983, 33 N.E.3d 85, ¶ 51 (2d Dist.). A frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Applying this standard, we decline to award attorney fees for this appeal under App.R. 23.

{¶ 16} Although not cited by the parties, we note that the lease includes a provision regarding attorney fees. It states, in pertinent part: "If either party commences an action against the other party arising out of or in connection with this Lease, the prevailing party shall be entitled to have and recover from the losing party reasonable attorneys' fees and costs of suit including fees and costs of appeal." Section 31 (Attorneys' Fees). Whether the Dewberrys are entitled to attorney fees related to this appeal under Section 31 of the parties' lease is a matter to be resolved by the trial court. Our decision not to award attorney fees under App.R. 23 has no bearing on whether the Dewberrys are entitled attorney fees for this appeal under the terms of the lease.

### IV. Conclusion

{¶ 17} Cerise Capital's appeal will be dismissed as moot.

. . . . . . . . . . . . .

LEWIS, J., concurs.

WELBAUM, J., concurs in part and dissents in part:

{¶ 18} I very respectfully concur in part and dissent in part with the majority opinion.

{¶ 19} As the majority opinion notes, this case is before us on the appeal of Cerise Capital from a trial court judgment denying Cerise Capital's request for restitution of the premises. Cerise Capital had leased the premises to the Dewberrys for a period of five years, with an option to renew for another five years. When the Dewberrys allegedly failed to timely pay rent, Cerise Capital filed a two-count complaint against them. Count One sought restitution of the premises, and Count Two asked for $30,000 in damages based on back rent, unpaid rent, reasonable rental value, and repair costs. In response, the Dewberrys filed an answer and counterclaim for breach of contract, promissory estoppel, and unjust enrichment. After holding a hearing, the court denied the request for restitution, and Cerise Capital appealed. However, Cerise Capital's remaining claim and the Dewberry's counterclaim remained pending in the trial court.

{¶ 20} I agree that a final appealable order exists and concur with that part of the majority opinion. However, I disagree with the conclusion that the appeal is moot and must be dismissed.

{¶ 21} As part of their response to Cerise Capital's appeal, the Dewberrys asked us to dismiss the appeal, claiming the appeal was moot because Cerise Capital had accepted rent payments from them and the Dewberrys had vacated the premises. The motion was accompanied by the affidavit of David Dewberry, who said that since the trial court decision (which was filed on August 10, 2021), Cerise Capital had accepted every lease payment from April 2021 through February 2022. Dewberry Aff., ¶ 2. Dewberry further stated that because Cerise Capital refused to continue with renovations, the Dewberrys had vacated the premises on February 9, 2022. *Id.* at ¶ 3. Dewberry did not

state exactly when any of these rent payments were made.

{¶ 22} Cerise Capital did not file a reply brief or formally respond to the dismissal request. However, the subject was discussed during oral argument, which was held on May 3, 2022. During oral argument, counsel for Cerise Capital indicated that Cerise Capital had accepted rent payments from the Dewberrys and that the Dewberrys had vacated the premises on February 9, 2022, after a second eviction action was filed. However, counsel for Cerise Capital also noted that no payments were made for some time after the August 10, 2021 trial court decision. Neither side indicated during oral argument when any of the payments were made.

{¶ 23} Cerise Capital's counsel further argued that the appeal was not moot because the Dewberrys' claim for attorney fees was still pending in the trial court. Thus, if the appeal were dismissed as moot, Cerise Capital would be precluded from challenging the fee request, which was based on the Dewberrys having prevailed in the forcible entry and detainer action. In other words, if we considered the merits of the appeal and found that the trial court erred in denying Cerise Capital's request for possession of the premises, the Dewberrys would not be prevailing parties and would not be entitled to attorney fees.

{¶ 24} During oral argument, the Dewberrys' counsel affirmed that they were seeking attorney fees as the prevailing parties in the trial court. He added that the Dewberrys were also seeking fees for defending the appeal. The Dewberrys' counsel additionally argued that the appeal was moot because accepting future rent precludes a landlord from prosecuting an eviction case.

{¶ 25} The David Dewberry affidavit that was submitted with appellants' brief was obviously not part of the trial court record. As a general matter, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), syllabus. An exception exists, however, in situations involving mootness. In this vein, the Supreme Court of Ohio has said that " 'when, pending an appeal from the judgment of a lower court and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.' " *Miner v. Witt*, 82 Ohio St. 237, 239, 92 N.E. 21 (1910), quoting *Mills v. Green*, 159 U. S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293 (1895).

{¶ 26} In *Miner*, the plaintiff filed an action to enjoin a city clerk from reporting a transcript of annexation proceedings to the city council. The annexation in question was of a village to the city, by vote of the electors of each and by ordinance. *Id.* at 237. The lower courts denied plaintiff any relief, and the annexation was then approved after he had appealed to the Supreme Court of Ohio. *Id.* at 237-238. When the city clerk brought this fact to the court's attention, the plaintiff admitted it was true. *Id.* at 238. Citing *Mills*, the court found it could not give the plaintiff any relief and dismissed the case. *Id.*

{¶ 27} After *Miner*, Ohio courts have continued to allow extrinsic evidence for

purposes of establishing mootness. *E.g., Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992); *Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8; *State ex rel. Yost v. Baumann's Recycling Ctr., LLC*, 2020-Ohio-1504, 153 N.E.3d 928, ¶ 54 (8th Dist.). Therefore, the evidence the Dewberrys provided, minimal though it was, can be considered in deciding if the appeal is moot.

{¶ 28} "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties. * * * Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶ 29} Exceptions to the mootness doctrine do exist. *See State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000) (exception exists when issues "are capable of repetition, yet evading review"); *Cyran* at ¶ 9 (recognizing that "collateral-consequences exception to the mootness doctrine" applies to criminal and traffic cases); and *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 16 (exception exists for situations of "great public or general interest, raising substantial constitutional questions"). None of these exceptions apply here. Nonetheless, a question remains over whether an actual legal controversy exists between Cerise Capital and the Dewberrys. I conclude that it does.

{¶ 30} Based on the majority's statement of the issues presented, Cerise Capital is claiming a manifest weight issue as well as what appears to be a legal issue concerning contract interpretation. The trial court's decision was based on the restitution issue, i.e.,

whether Cerise Capital was entitled to regain possession of the premises.

{¶ 31} The cases the majority opinion cites as support for mootness and dismissal of the appeal involve situations in which a defendant (a tenant ordered to vacate the premises) has appealed. *See Wise v. Webb*, 2d Dist. Clark No. 2015-CA-50, 2015-Ohio-4298, ¶ 12; *Cherry v. Morgan*, 2d Dist. Clark No. 2012-CA-11, 2012-Ohio-3594, ¶ 4; and *Miami Valley Hous. v. Jackson*, 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5.

{¶ 32} Dismissal in these cases was due to the fact that, under R.C. 1923.14(A), the only way tenants can maintain possession (or be restored to possession) of disputed premises pending their appeal of adverse eviction decisions is to request a stay of execution and provide bond. *Wise* at ¶ 12, citing R.C. 1923.14. In *Wise*, our court found the appeal moot because the tenant failed to seek a stay of the restitution order and did not post a supersedeas bond. *Id.* at ¶ 13. This was also the basis of the mootness decisions in *Cherry* and *Jackson*. *See Cherry* at ¶ 7 (defendant asked for stay of execution, which was denied, but did not ask court of appeals for stay and did not post bond); *Jackson* at ¶ 7 (tenant did not ask for stay and had been ejected from the premises). None of these cases involved money judgments or an inability to prevail on a claim for a money judgment; the only issue was the tenants' ability to stay in the premises while their appeal was being decided.

{¶ 33} In this regard, R.C. 1923.14(A) provides, in pertinent part, that:

Except as otherwise provided in this section, within ten days after receiving a writ of execution described in division (A) or (B) of section 1923.13 of the Revised Code, the sheriff, police officer, constable, or bailiff *shall execute it*

*by restoring the plaintiff to the possession of the premises*, and shall levy and collect reasonable costs, not to exceed the standard motion fee, and make return, as upon other executions. *If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. If the premises have been restored to the plaintiff, the sheriff, police officer, constable, or bailiff shall forthwith place the defendant in possession of them*, and return the writ with the sheriff's, police officer's, constable's, or bailiff's proceedings and the costs taxed on it.

(Emphasis added.)

**{¶ 34}** Therefore, mootness in such situations is based on the fact that, under the statute, a tenant's only avenue to maintain or regain possession of the premises is to ask for a stay and post bond. Because possession is the only issue before the court of appeals, the tenant's appeal is necessarily moot.

**{¶ 35}** While the cited cases deal with mootness caused by a tenant's failure to comply with the statutory requirements in R.C. 1923.14(A), an argument might be made that a landlord's appeal is moot if it is based solely on whether the landlord can obtain possession of the premises, and the landlord actually does so (regardless of when that occurs). As noted, Cerise Capital did regain possession of the premises in February

2022, during the appeal. If that were the only issue, I would perhaps agree the appeal is moot.

**{¶ 36}** However, the trial court's decision also included a finding that Cerise Capital had not meet its burden of proving that the Dewberrys had failed to pay the April and May lease payments. *See* Decision and Entry Denying Request for Restitution of Premises (August 10, 2021), p. 2. Thus, the court's decision could be characterized as not just denying restitution, but also precluding recovery for the rent due for these months. Consequently, if the trial court's decision were reversed, Cerise Capital would have a right to recover the premises as well as any alleged unpaid rent. Again, however, if Cerise Capital had, in fact, been paid for these months (as is indicated here), this claim could be moot as well.

**{¶ 37}** These conclusions do not completely dispose of the mootness issue, however, because Cerise Capital asserts that it will be unable to defend the pending attorney fee claim if the appeal is dismissed (which would leave in place the trial court's decision that the Dewberrys did not breach the lease agreement by failing to pay timely rent).

**{¶ 38}** As noted, the Dewberrys filed a counterclaim in the trial court alleging breach of contract, promissory estoppel, and unjust enrichment, and requested attorney fees in connection with these claims. They also requested attorney fees with regard to the complaint that Cerise Capital had filed against them. *See* Answer and Counterclaim, ¶ 12 (which alleged bad faith and malice, among other things); ¶15-16 and 19-20; and Sections A-D of the prayer for the Answer and Counterclaim. These claims were not

resolved by the forcible entry decision and remain pending. In addition, the trial court did not resolve Cerise Capital's claim in Count Two for breach of contract and damages. Specifically, while Cerise Capital's claim for two months' rent and possession of the premises was rejected, Count Two included a claim for repair costs as well. That claim was not resolved by the trial court's decision.

{¶ 39} As a general rule, attorney fees are not recoverable in breach of contract actions. *E.g., Motorists Mut. Ins. Co. v. Trainor*, 33 Ohio St.2d 41, 47, 294 N.E.2d 874 (1973). However, the contract in question here contains two provisions about default as well as provisions pertaining to attorney fees. After a termination due to an event of tenant default (which includes nonpayment of rent when due), the landlord has, among other remedies, the right to "court costs and reasonable attorney fees necessary to compensate Landlord for all detriment proximately caused by Tenant's default." Complaint, Exhibit A, Section 24.1(b). Cerise Capital did not ask for attorney fees in its complaint or in its answer to the counterclaim.

{¶ 40} Section 25 of the lease, which relates to the landlord's default, does not provide for recovery of attorney fees by the tenant. *Id.* However, another section of the lease states as follows:

> If either party becomes a party in litigation concerning this lease, the premises or the Property, by reason of any act or omission of the other party or its authorized representatives, the party that causes the other party to become involved in the litigation shall be entitled to have and recover from the losing party reasonable attorney fees and costs of suit including fees

and costs of appeal.

Ex. A at Section 31.

{¶ 41} Section 31 is somewhat ambiguous, as it appears to pertain to situations in which one contracting party has been sued as a result of an act or omission and the other party is then caused to become involved in the litigation. This could include actions involving negligence of the landlord or tenant that causes injury to a third party, which results in both parties being sued. This interpretation is consistent with the fact that the lease does not provide for attorney fees in the section dealing with landlord default. On the other hand, the reference to payment of attorney fees by the "losing" party does appear to contemplate actions brought by one contracting party against the other.

{¶ 42} Assuming that the contract provides for attorney fees if Cerise Capital is the losing party (and both counsel appeared to agree at oral argument that it does), the Dewberrys, by virtue of their victory on the forcible entry and detainer claim, are currently the prevailing parties. They will continue to be the prevailing parties with respect to that claim if the case is dismissed. Furthermore, our dismissal of the appeal would also result in the Dewberrys being the prevailing parties for purposes of collecting fees and costs of the appeal.

{¶ 43} Before I address this point, I begin by stressing that I disagree with the Dewberrys' claim that the appeal is moot because Cerise Capital has accepted rent payments. There is no question that even after a three-day notice to vacate has been issued and a lessee has vacated the premises, the lessee is "potentially liable for rents coming due under the agreement as long as the property remains unrented." *Dennis v.*

*Morgan*, 89 Ohio St.3d 417, 419, 732 N.E.2d 391 (2000). This reasoning would also apply in situations where the lessee was not ousted from the premises, but was able to retain possession. In that circumstance, the lessor would be contractually entitled to rents that accrue during the lessee's continued possession.

{¶ 44} Because the Dewberrys remained in the premises, they would have been responsible for paying rent until they vacated, and Cerise Capital did not act improperly or inconsistently in accepting rent. *See Sholiton Industries*, 2d Dist. Montgomery No. 17480, 1999 WL 355898, *7 (noting that "the weight of recent authority in Ohio supports the landlord's right to collect rent after the notice to vacate, as long as it is taken as payment for obligations past due").

{¶ 45} *Sholiton* further noted that " '[n]othing * * * prevents a landlord from accepting payments for rent past due.' * * * A tenant will continue to incur obligations for rent when he occupies a premises after the notice to vacate is given. * * * Thus, it is not considered inconsistent for a landlord to collect upon such obligations after they become past due and still insist on his right to present possession.' " *Id.*, quoting *Bristol Court v. Jones*, 4th Dist. Pike No. 93-CA-520, 1994 WL 534920, *2 (Sept. 29, 1994). The case before us does not present a situation where Cerise Capital waived rights by accepting rent; instead, the forcible entry and detainer action was being litigated and the Dewberrys remained in possession of the property. Therefore, they should have paid rent while they were in possession. Moreover, even if this had been otherwise, the affidavit that the Dewberrys submitted does not contain adequate information about when these payments were made and under what circumstances.

{¶ 46} I also note that lessors do not have to include all claims against a lessee when bringing a forcible entry and detainer action under R.C. Chap. 1923.02. "Ohio's statutory scheme does not force a landlord to choose between eviction and a claim for damages for breach of contract. Rather, R.C. 1923.03 states, 'Judgments under this chapter [regarding forcible entry and detainer actions] are not a bar to a later action brought by either party.' Thus, R.C. Chapter 1923, by its own terms, does not limit landlords' remedies upon a breach merely to securing their property through eviction. Lessors may also bring a separate suit for damages brought about by the lessee's breach." *Morgan*, 89 Ohio St.3d at 419, 732 N.E.2d 391.

{¶ 47} Likewise, tenants are not required to file compulsory counterclaims in response to a forcible entry and detainer action, unless the landlord joins the action with another action, like a request for back rent. *Haney v. Roberts*, 130 Ohio App.3d 293, 300, 720 N.E.2d 101 (4th Dist.1998). In *Haney*, the court noted that R.C. 1923.03 "directly conflicts with Civ.R. 13(A)," which "requires defendants to assert counterclaims that arise out of the same transaction or occurrence as the main claim." *Id.* at 296. However, the court resolved the conflict due to these factors: (1) the summary nature of forcible entry and detainer actions; (2) Civ.R. 1(C), which states that the Ohio Civil Rules "to the extent that they would by their nature be clearly inapplicable, shall not apply" to forcible entry and detainer actions; and (3) the legislative intent in R.C. 1923.081 "to make joinder of suits for damages permissive, not mandatory." *Id.* at 295-300.

{¶ 48} We have also held, based on R.C. 1923.03, that "forcible entry and detainer judgments do not bar a tenant from bringing a later action between the same parties

growing out of the same subject matter; however, *such judgments do bar 'relitigation of issues that were actually and necessarily decided in the [forcible entry and detainer] action.'* " (Emphasis added.) *Namenyi v. Tomasello*, 2d Dist. Greene No. 2013-CA-75, 2014-Ohio-4509, ¶ 23, quoting *Great Lakes Mall, Inc. v. Deli Table*, 11th Dist. Lake No. 93-L-154, 1994 WL 587559, *2 (Sept. 16, 1994). This bar would apply equally to a landlord's claims against a tenant.

{¶ 49} In *Namenyi,* two actions were brought in the trial court. The tenant filed an action to deposit rent with the court based on the landlords' breaches of duty under R.C. Chap. 5321. The landlords then filed a forcible entry and detainer action and sought damages, based on the tenant's failure to pay rent as required. *Id.* at ¶ 2-3. The trial court consolidated the cases and, after trial, found the tenant was not entitled to deposit rent with the court and the landlords were entitled to possession of the premises. *Id.* at ¶ 4-5. The court then set the matter for a damages hearing. However, before the hearing, the tenant changed attorneys and filed a motion seeking nearly $100,000 based on "(1) retaliatory eviction; (2) breach of contract; (3) loss of consortium; and (4) loss of his security deposit." *Id.* at ¶ 6-7. At that point, no appeal had yet been taken from the court's prior decision.

{¶ 50} In a written decision on the motion for damages, the trial court found that the breach of contract and retaliatory eviction claims were barred by res judicata because the tenant had already raised those issues as part of his prior pleadings, and they had been determined by the court's previous decision. *Id.* at ¶ 9. The trial court also made findings about the remaining claims that are not relevant here.

**{¶ 51}** Subsequently, the landlords filed a motion for sanctions based on frivolous conduct. After holding a hearing on the original damages request and the sanctions motion, the court issued a decision finding that the tenant's motion for damages was frivolous and in bad faith. The court therefore ordered the tenant's attorney to pay attorney fees. *Id.* at ¶ 10-11. The attorney then appealed the fee award. *Id.* at ¶ 11-12.

**{¶ 52}** In considering whether the breach of contract and retaliatory eviction claims were unwarranted and frivolous, we made the above statement about R.C. 1923.03 and whether these claims were barred because they had been necessarily and actually decided. We found that the tenant's "breach of contract claim was frivolous due to being unwarranted under existing law on res judicata grounds." *Id.* at ¶ 23. This was because the tenant raised essentially the same claim in his motion as in his original complaint, and the issue had already been considered and decided. *Id.* at ¶ 24.

**{¶ 53}** Regarding the retaliatory eviction claim, we said that we could not tell if it had actually been considered and determined as part of the trial court's original decision on eviction. *Id.* at ¶ 25-26. However, we presumed the validity of the court's subsequent res judicata decision because the tenant's attorney failed to file a trial transcript for appellate review. *Id.* at ¶ 27. Finally, we also affirmed the award of attorney fees due to the attorney's failure to file a transcript of the sanctions hearing. We therefore presumed the validity of the court's finding under R.C. 2323.51. *Id.* at ¶ 28-31.

**{¶ 54}** The above discussion brings into focus the issue here, which is whether dismissing the appeal as moot would prevent Cerise Capital from challenging the

Dewberrys' right to attorney fees because that issue has already been " 'actually and necessarily decided.' " *See id.* at ¶ 23. I conclude that dismissal of the appeal would have that effect.

{¶ 55} Even though Cerise Capital may still challenge the amount of attorney fees to be awarded, the issue of whether the Dewberrys are entitled to fees as prevailing parties will have been actually and necessarily decided, because the August 10, 2021 judgment in their favor will be final. The judgment dismissing the appeal will also be final (barring a successful appeal to the Supreme Court of Ohio), and the Dewberrys will be prevailing parties in this appeal as well. Conversely, if Cerise Capital's appeal is decided on the merits, the Dewberrys' status as prevailing parties in both courts may change. I express no opinion on that point; I simply believe the appeal should not be dismissed as moot.

{¶ 56} I do note that Cerise Capital may be entitled to contend in the trial court that the lease is ambiguous (despite any statements made during oral argument). I again express no opinion on that point. Nonetheless, being able to make such an argument is not the same as being able to claim that the Dewberrys are not prevailing parties. In the latter situation, there would be no entitlement to attorney fees and no need to consider if the lease is ambiguous.

{¶ 57} As a final matter, I should address a decision from this appellate district in which the trial court concluded that neither side was entitled to attorney fees, even though the contract allowed attorney fees to be granted to a prevailing party. *See Connor Group v. Toretzky*, 2d Dist. Montgomery No. 29008, 2021-Ohio-3752. To the extent this case

might be argued as support for a mootness finding, I disagree.

{¶ 58} In *Connor Group*, the plaintiff was a limited liability company and had filed a complaint against a member, claiming breach of fiduciary duty and that the member was a "faithless servant." *Id*. at ¶ 3. The member, who was also an area sales manager for the group, counterclaimed for disability discrimination, hostile work environment, retaliation, invasion of privacy, and unlawful medication examination. *Id*. After a trial, the jury rejected each party's claims and did not award any damages. *Id*. at ¶ 4. Both sides then filed motions for attorney fees and costs, claiming they were prevailing parties under a contractual provision. However, the trial court found neither side was a prevailing party and awarded no fees. *Id*. at ¶ 5. We affirmed, finding no abuse of discretion. *Id*. at ¶ 12-15.

{¶ 59} In the case before us, no decision has been made on the fees yet or on the rest of the case, nor could it have been made, given the appeal. The trial court has not yet had a chance to rule on these points. As I noted, currently, a live controversy exists because the contract allows attorney fees to be awarded against a "losing" party. If the appeal is dismissed for mootness, Cerise Capital would be a losing party due to the final nature of the trial court's judgment, which was in the Dewberrys' favor. Given the decision in *Conner Group*, the trial court could decide, however, not to award the Dewberrys any fees if Cerise Capital later prevails on some issues in the trial court. However, that is a hindsight way of viewing a current controversy, which is not appropriate.

{¶ 60} As I mentioned earlier, the trial court can chose the amount of fees to be

awarded, and Cerise Capital will be able to challenge the fee amount in the trial court. The trial court could also decide that the contract is ambiguous and does not let the tenant recover fees. That, too, is an argument Cerise Capital could still make in the trial court even if we dismiss the appeal as moot. The outcome of these matters is currently unknown, as is whether Cerise Capital might win on other issues in the trial court.

{¶ 61} But what is relevant here is the precluded chance to challenge the Dewberrys' ability to obtain fees as a winning party because that argument is precluded by res judicata. That is the basis for lack of mootness. This differs from being able to challenge the Dewberrys' ability to recover fees simply because Cerise Capital ends up, by happenstance, prevailing on something else in the trial court. For this reason, *Connor Group* does not apply. *Conner Group* does not account for the fact that one party would already be deemed as a matter of res judicata to have prevailed on part of the case. This is a separate issue from the matter of whether each side eventually prevails on part of the case. In fact, what happened in *Conner Group* was that both parties lost. The jury found against each side on its claims against the other party and awarded no damages. To the extent one might consider that "prevailing," it is in name only.

{¶ 62} As an additional point, the contractual provisions in the two cases differ. The contract in *Connor Group* stated that " 'If any litigation arises under this Agreement, the prevailing party (which term shall mean the party which obtains *substantially all of the relief sought by such party*) shall be entitled to recover, as a part of its judgment, reasonable attorneys' and paralegals' fees, court costs and expert witness fees.' " (Emphasis added.) *Connor Group*, 2d Dist. Montgomery No. 29008, 2021-Ohio-3752,

¶ 10.    Neither party in *Connor Group* obtained substantially all the relief it sought.   In fact, the most that can be said is that there was a "wash."   Consequently, it is difficult to see how any award for fees and costs would have been warranted.

{¶ **63**} In contrast, the provision here allows recovery of attorney fees and costs against a "losing" party.   Ex. A at Section 31.   The contract does not define this term, but, as noted, if the appeal is dismissed, Cerise Capital would unquestionably be the losing party, regardless of what happens later in the trial court.   Even if the Dewberrys were required to have achieved substantially all the relief sought (which the contract does not require), they did that (so far) by avoiding a rent judgment and, more importantly, by being able to remain in the premises until they decided to leave.   Again, speculating about what might or might not happen subsequently in the trial court does not alter this fact.

{¶ **64**} As I also noted previously, the contract here allows an award of attorney fees and costs for appeals, and the Dewberrys said during oral argument that they intended to ask for these fees and costs.   I am troubled by the fact that dismissing the appeal for mootness would, again, prevent Cerise Capital from challenging an appellate fee award, other than on the grounds I mentioned (contract ambiguity and amount).

{¶ **65**} For the reasons stated, I very respectfully concur in part and dissent in part with the majority opinion.

Copies sent to:

John D. Poley
Steven M. Katz
Robert K. DiCuccio
Hon. Dennis J. Langer, Visiting Judge